

NUMBERS 13-06-234-CV and 13-06-236-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSETS SECURITIES CORPORATION, AMORTIZING RESIDENTIAL COLLATERAL TRUST, MORTGAGE PASS - THROUGH CERTIFICATES, SERIES 2002-BC8,** Appellant,

v.

**ERIC ERICKSON,** Appellee.

---

**On appeal from the 250th District Court of Travis County, Texas.**

---

# O P I N I O N

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Opinion by Justice Benavides**

In this consolidated appeal and restricted appeal, we are asked to reverse a default

judgment rendered in favor of appellee, Eric Erickson, against appellant, Wells Fargo

Bank.[1] Because the trial court subsequently granted a new trial within its plenary power, we lack jurisdiction over these appeals. Accordingly, we dismiss the appeals for lack of jurisdiction.

## I. INTRODUCTION

In this case, the trial court rendered a default declaratory judgment against Wells Fargo. Wells Fargo did not receive timely notice of the judgment, and it filed an appeal and a restricted appeal, which we have consolidated.[2] While the appeal was pending, and after a series of hearings and filings, the trial court granted a new trial. On appeal, the parties dispute whether the trial court granted the new trial within its plenary power.

Wells Fargo argues that the trial court properly granted its motion for new trial; therefore, we should dismiss this case for lack of jurisdiction. Erickson, on the other hand, argues that the trial court had lost jurisdiction by the time it granted the motion for new trial. He argues, therefore, that we should declare the trial court's order granting Wells Fargo's motion to extend the postjudgment deadlines and granting a new trial void. Because Wells Fargo has focused solely on the propriety of the order granting the new trial and has failed to brief the merits of its appeals of the default judgment, Erickson argues that we should affirm the default judgment.

Whether the trial court had plenary power at the time it granted the new trial is of primary importance in this case. If the trial court was within its plenary power to grant a

---

[1] For ease of reference, we designated appellant as "Wells Fargo." However, appellant was sued as "Wells Fargo Bank, National Association, as Trustee for Structured Assets Securities Corporation, Amortizing Residential Collateral Trust, Mortgage Pass-Through Certificates, Series 2002-BC8."

[2] On June 15, 2006, we granted Wells Fargo's motion to consolidate cause numbers 13-06-234-CV and 13-06-236-CV.

new trial, then we lack jurisdiction over this appeal because there is no final judgment. *See Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 236 (Tex. 1984) ("'An order granting a new trial within [the trial court's plenary power] is not subject to review either by direct appeal from that order, or from a final judgment rendered after further proceedings in the trial court.'") (quoting *Burroughs v. Leslie*, 620 S.W.2d 643, 644 (Tex. Civ. App.–Dallas 1981, writ ref'd n.r.e.); *see also Aguirre v. Aguirre*, No. 13-07-00534-CV, 2008 WL 963348, at *1 (Tex. App.–Corpus Christi Apr. 10, 2008, no pet. h.) (mem. op.). Because the analysis of this issue requires a careful examination of the dates on which the events occurred, we will recite the facts as a time-line of events and will explain the relevant deadlines in the trial court. We will then analyze the parties' arguments.

## II. FACTS AND APPLICABLE DEADLINES

**2002–2004:** Erickson signed and delivered a home equity note and deed of trust lien to Option One Mortgage Corporation. The home equity note and deed of trust lien related to Erickson's homestead property in Travis County, Texas. Thereafter, Wells Fargo acquired the note and deed of trust. Erickson defaulted on the note by failing to make monthly payments.

**August 18, 2005:** On Wells Fargo's behalf, Mann & Stevens, P.C. filed a foreclosure proceeding against Erickson in the 126th District Court of Travis County. Diana Stevens, a partner with Mann & Stevens, assigned the case to an associate at the firm named Joseph Forrest.

**October 14, 2005:** Erickson retained Mark Cohen to represent him. Cohen filed the underlying declaratory judgment action against Wells Fargo in the 250th District Court of

3

Travis County on Erickson's behalf, seeking to contest the validity of the note and the lien.

**October 17, 2005:** Forrest received a facsimile copy of Erickson's petition for declaratory judgment and forwarded it to Wells Fargo to determine whether Wells Fargo desired representation.

**October 20, 2005:** Cohen served Wells Fargo with citation and Erickson's petition for declaratory judgment through CSC Corporation, Wells Fargo's corporate registered agent.

**November 9, 2005:** Mann & Stevens received an electronic referral from Wells Fargo's agent requesting that Mann & Stevens represent Wells Fargo in the declaratory judgment action. Forrest inadvertently placed the letter in the file among what he deemed to be irrelevant documents. Because Wells Fargo sometimes uses different law firms to handle litigation involving the same property, and Forrest did not notice the representation letter, Forrest assumed that another firm was handling the declaratory judgment action.

**December 9, 2005:** Cohen appeared before the 250th District Court and obtained a default declaratory judgment against Wells Fargo. The judgment recites that Wells Fargo was properly served with citation and failed to answer. The trial court's judgment declared that the note and lien on Erickson's homestead were void and unenforceable.[3]

**December 29, 2005:** Pursuant to Texas Rule of Civil Procedure 306a(3), the district clerk is required to send notice of a judgment to the parties of record. TEX. R. CIV. P.

---

[3] Mann & Stevens claims that Cohen did not give prior notice of his intent to take a default judgment. At oral argument, Cohen claimed he placed a phone call to Mann & Stevens, but this is not otherwise apparent from the record.

4

306a(3).[4] Typically, the postjudgment timetables, including the period of the court's plenary power to grant a new trial, begin on the date that the judgment is signed. TEX. R. CIV. P. 306a(1).[5] However, if a party adversely affected by the judgment or its attorney does not receive notice from the district clerk or acquire actual notice of the judgment within twenty days of the signing of the judgment, the postjudgment timetables begin on the date that the party or its attorney received notice, provided that the party files a proper motion requesting extension of the postjudgment deadlines. TEX. R. CIV. P. 306a(4)-(5).[6] December 29, 2005

---

[4] Rule 306a(3) provides:

When the final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed. Failure to comply with the provisions of this rule shall not affect the periods mentioned in paragraph (1) of this rule, except as provided in paragraph (4).

TEX. R. CIV. P. 306a(3).

[5] Rule 306a(1) provides:

The date of judgment or order is signed as shown of record shall determine the beginning of the periods prescribed by these rules for the court's plenary power to grant a new trial or to vacate, modify, correct or reform a judgment or order and for filing in the trial court the various documents that these rules authorize a party to file within such periods including, but not limited to, motions for new trial, motions to modify judgment, motions to reinstate a case dismissed for want of prosecution, motions to vacate judgment and requests for findings of fact and conclusions of law; but this rule shall not determine what constitutes rendition of a judgment or order for any other purpose.

TEX. R. CIV. P. 306a(1).

[6] Rule 306a(4) and (5) provide:

**4. No notice of judgment.** If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

**5. Motion, notice and hearing.** In order to established the application of paragraph (4) of this rule, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the

5

was twenty days from the date of the judgment. Forrest did not receive notice from the district clerk or acquire actual knowledge of the judgment by this date.

**January 9, 2006:** Assuming timely notice of a judgment, the deadline to file a motion for new trial or a notice of appeal is thirty days from the date of the judgment. TEX. R. CIV. P. 329b(a); TEX. R. APP. P. 26.1. The thirty-day deadline expired on January 8, 2006, which was a Sunday. Accordingly, Wells Fargo had until January 9, 2006 to file a motion for new trial or a notice of appeal. *See* TEX. R. CIV. P. 4; TEX. R. APP. P. 4.1(a).

**January 11, 2006:**[7] Forrest discovered the representation letter from Wells Fargo and called the Travis County District Clerk, who informed him of the default judgment. Forrest then notified Wells Fargo of the default judgment.

**January 14, 2006:** The Travis County District Clerk mailed notice of the default judgment.

**January 19, 2006:** CSC Corporation sent a copy of the default judgment to Wells Fargo.

**February 3, 2006:** Wells Fargo filed an equitable motion for new trial. Wells Fargo claimed that its failure to answer was the result of accident or mistake and was not intentional or the result of conscious indifference. Wells Fargo cited to Forrest's misplacement of the representation letter as the mistake that caused the default judgment.

---

judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

TEX. R. CIV. P. 306a(4)-(5).

[7] Forrest initially claimed that he discovered the default judgment on January 12, 2006. However, he later stated in an affidavit that he was mistaken and that he discovered the default judgment on January 11, 2006.

6

Additionally, Wells Fargo argued that it had a meritorious defense to the declaratory judgment action. Specifically, it argued that Erickson's pleadings failed to state a legally cognizable cause of action and that the loan and deed of trust were valid and enforceable. Furthermore, Wells Fargo argued that setting aside the default judgment would not cause any delay or injury because it offered to reimburse Erickson for the expenses and costs incurred in obtaining the default judgment. Although the equitable motion for new trial alleged that Wells Fargo did not receive timely notice of the default judgment, it did not expressly request that the trial court extend the postjudgment timetables pursuant to Texas Rule of Civil Procedure 306a(5).

**February 10, 2006:** Assuming that Wells Fargo, through a proper motion under Texas Rule of Civil Procedure 306a(5), established that it did not receive notice of the judgment until January 11, 2006, it then had thirty days to file a motion for new trial or a notice of appeal. TEX. R. CIV. P. 306a(4)-(5); TEX. R. CIV. P. 329b(a); TEX. R. APP. P. 26.1. Under an extended postjudgment timetable, Wells Fargo was required to have filed a motion for new trial before February 10, 2006, which it did on February 3, 2006.

**February 21, 2006:** The trial court held a hearing on Wells Fargo's equitable motion for new trial. Cohen argued that the motion was too late unless rule 306a applied to extend the postjudgment deadlines. TEX. R. CIV. P. 306a(4)-(5). Cohen argued that there was no affidavit from Wells Fargo or its attorneys demonstrating that neither Wells Fargo nor its attorneys received notice of the judgment within twenty days after it was

7

signed.[8] Specifically, Cohen pointed out that there was no evidence from anyone at Wells Fargo negating their receipt of actual notice within twenty days of the judgment. Wells Fargo's counsel offered, and the trial court accepted, an affidavit from CSC Corporation, Wells Fargo's registered agent; however, the trial court determined that Wells Fargo needed to produce evidence that it did not receive actual notice. The trial court orally denied the motion for new trial, but it did not issue a written order.

**February 23, 2006:** The trial court sent a letter to the parties. In the letter, the trial judge requested that Cohen submit an order showing that the court construed Wells Fargo's motion for new trial as including a request to extend the postjudgment deadlines under rule 306a(5) and that he was denying the motion because "[n]either the motion nor any evidence negate the possibility that Wells Fargo received actual notice within 20 days of the date the judgment was signed and, therefore, fail to establish a prima facie case extending the trial court's jurisdiction."

**March 1, 2006:** The trial court entered an order denying Wells Fargo's request to extend postjudgment deadlines, finding that Wells Fargo had attempted to seek an extension in its motion for new trial but had not satisfied its burden to negate actual notice of the judgment within twenty days of rendition.

**March 14, 2006:** Wells Fargo filed a notice of restricted appeal to the Third Court

---

[8] At the hearing, Cohen apparently argued that Wells Fargo was required to bring live witnesses to the hearing so that Cohen could cross-examine them about the date they received notice of the judgment. The trial court asked why Wells Fargo did not bring witnesses. Wells Fargo's counsel, Ms. Stevens of Mann & Stevens, replied, "Mr. [Forrest] is no longer an employee of our firm, Your honor. And given the circumstances by which—by which he left the firm, it didn't seem as though I would be able to get cooperation at this point."

of Appeals[9] seeking review of the default judgment. The notice states that Wells Fargo was affected by the judgment but did not participate and that Wells Fargo's postjudgment motion was denied by the trial court as untimely. TEX. R. APP. P. 30.[10]

**March 27, 2006:** The rules require a trial court to issue a written order denying a motion for new trial; otherwise, it is overruled by operation of law seventy-five days after the judgment is issued. TEX. R. CIV. P. 329b(c).[11] Because the trial court did not issue a written order denying Wells Fargo's motion for new trial, and assuming that Wells Fargo was entitled to extend the postjudgment timetables thereby making its motion for new trial timely, the motion would have been overruled by operation of law on March 27, 2006. *Id.*

**March 31, 2006:** Wells Fargo filed a notice of appeal, seeking to appeal the order denying its motion to extend postjudgment deadlines and the default judgment.[12]

**April 4, 2006:** Wells Fargo filed a second motion to extend postjudgment deadlines and a supplemental motion for new trial, accompanied by a motion for leave to file the

---

[9] This case was transferred to the Thirteenth Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 1998).

[10] Texas Rule of Appellate Procedure 30 provides:

A party who did not participate--either in person or through counsel--in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c). Restricted appeals replace writ of error appeals to the court of appeals. Statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals.

TEX. R. APP. P. 30.

[11] "In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined *by written order* signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period." TEX. R. CIV. P. 329b(c) (emphasis added).

[12] This case was also transferred to this Court pursuant to Texas Government Code section 73.001, and it was consolidated with the restricted appeal.

9

supplemental motion.  TEX. R. CIV. P. 328b.

**April 18, 2006:**  The trial court heard Wells Fargo's motions.  The trial court entered an "Order Extending Post-Judgment Deadlines, Granting Leave to File Supplemental Motion for New Trial and Granting New Trial."  In this order, the trial court found that the earliest date that either Wells Fargo or its attorneys received actual knowledge of the default judgment was on January 11, 2006, and that the postjudgment deadlines would begin to run from that date.  Accordingly, the trial court found that Wells Fargo's first equitable motion for new trial was timely filed and was before the court.  The trial court found that the motion for new trial was well founded and should be granted.  Thus, the court set aside the default judgment and awarded Erickson $1,700.00 in attorney's fees.

**April 26, 2006:**  Assuming that the trial court properly extended the postjudgment deadlines, its plenary power would have expired thirty days after the equitable motion for new trial was overruled by operation of law, or April 26, 2006.  TEX. R. CIV. P. 329b(e).[13]

### III. ARGUMENTS AND ANALYSIS

As stated above, the parties now dispute whether this Court has jurisdiction over the appeals.[14]  Wells Fargo essentially asks this Court to find that the trial court had plenary

---

[13] "If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first."  TEX. R. CIV. P. 329b(e).

[14] To this end, Erickson has filed a "Motion for Order Protecting Jurisdiction," asking this Court to declare the order extending the postjudgment deadlines and granting a new trial void and to proceed with the merits of the appeal.  Initially, Wells Fargo argued that this Court had jurisdiction over this appeal because Erickson could still seek a writ of mandamus declaring the order granting a new trial void.  For this proposition, Wells Fargo cited *In re Pindome Corp.*, No. 08-03-00038-CV, 2003 WL 757441, at *2 (Tex. App.–El Paso Mar. 6, 2003, orig. proceeding), and its companion, *Triad Hospitals, Inc. v. Pindome Corp.*, No. 08-03-00042-CV, 2003 WL 21290954, at *1 (Tex. App.–El Paso June 5, 2003, no pet.).  In those cases, like the present case, the trial court granted a new trial after the appellant filed a notice of restricted appeal.  *In re Pindome,* 2003 WL 757441, at *1.  The appellee filed a petition for writ of mandamus seeking to void the order granting a new

10

power when it granted a new trial and dismiss the appeal for lack of jurisdiction. In response, Erickson first argues that Wells Fargo's notices of appeal deprived the trial court of jurisdiction to act. Second, Erickson argues that the trial court's initial denial of Wells Fargo's request to extend the postjudgment deadlines caused the judgment to become final on January 8, 2006, and, therefore, the trial court lost plenary power on that date. Either way we look at it, Erickson reasons that the order granting the new trial was rendered after the trial court lost plenary power and is void. Because Wells Fargo did not brief the propriety of the default judgment in this Court, Erickson argues that any error has been waived.

## A.     Wells Fargo's Notices of Appeal

Erickson argues that by filing its notices of appeal, Wells Fargo transferred jurisdiction from the trial court to the court of appeals, and the trial court no longer had jurisdiction over the case when it granted Wells Fargo's second request to extend the postjudgment deadlines and motion for new trial. For support, Erickson cites *Annex*

---

trial, which the court of appeals denied. *Id.* The court noted that ordinarily, an order granting a new trial would deprive the court of jurisdiction over the restricted appeal. *Id.* at *2 n.1. However, dismissing the appeal "could potentially impair the rights of Triad and HCA to pursue the restricted appeal in the event that Pindome successfully obtains review of the decision denying mandamus relief." *Id.* Therefore, the trial court allowed the restricted appeal to remain pending until any mandamus challenges could be resolved or until Pindome moved to dismiss. *Id.* Later, Pindome moved to dismiss the restricted appeal. *Triad Hosp., Inc.,* 2003 WL 21290954, at *1. Triad did not object, but it requested that the court expressly find that there was no final judgment in the case, just in case Pindome sought mandamus review at the supreme court, which the court did in its opinion dismissing the restricted appeal. *Id.*

Based on this reasoning, Wells Fargo initially asked this Court to retain the case on its docket until a sufficient time passed to allow Erickson to file a petition for writ of mandamus. Erickson did not seek mandamus relief. In its reply brief, Wells Fargo concludes that a writ of mandamus is no longer available due to laches, and it argues that this Court lacks jurisdiction because there is no final judgment. We need not find that too much time has passed for Erickson to now file a petition for writ of mandamus attacking the order granting a new trial; such a decision would be merely advisory. However, following the court of appeals in *Triad,* we are comfortable that by dismissing this case for lack of jurisdiction, Wells Fargo will not be in the position of losing its right to appeal the order in the event Erickson later seeks mandamus relief. *Id.* For the reasons that follow, we deny Erickson's "Motion for Order Protecting Jurisdiction."

11

*Warehouse v. Archer* and quotes the following language:

> It is a rule of general application that when an appeal is perfected to the Court of Civil Appeals, the latter Court (subject to the right of the trial court to grant a motion for new trial in term time, . . . and absent statutory exception), acquires plenary exclusive jurisdiction over the entire controversy. Similarly, when an application for writ of error is filed in this Court, our jurisdiction, which is likewise exclusive in nature, attaches to the cause.

381 S.W.2d 478, 482 (Tex. 1964). As this language indicates, even if a notice of appeal has been filed, a trial court still has jurisdiction to grant a motion for new trial. *Id.* The rules contemplate this jurisdiction as well. For example, Texas Rule of Civil Procedure 329b, in two separate subsections, states that the trial court, "regardless of whether an appeal has been perfected," retains jurisdiction to grant a motion for new trial. TEX. R. CIV. P. 329b(d)-(e).

This, however, does not answer the question of whether a trial court retains jurisdiction to extend postjudgment deadlines, making an otherwise tardy motion for new trial timely, after a notice of appeal has been filed. Although the parties have not cited, and we have not located, a case that expressly decides this issue, at least one court has assumed that a trial court retained jurisdiction to rule on a rule 306a motion after a notice of appeal had been filed.

In *Lavender Enterprises, Inc. v. Standard Waste Systems, Ltd.*, the trial court rendered a default judgment against Lavender Enterprises on October 21, 2003. No. 05-03-01074-CV, 2005 WL 995344, at *1 (Tex. App.–Dallas Apr. 29, 2005, no writ) (mem. op.). Lavender did not receive notice of the judgment within twenty days. *Id.* On December 4, 2003, Lavender filed a motion for new trial and a notice of appeal. *Id.* at *1-2. Thereafter, on December 13, 2004, Lavender filed a rule 306a motion seeking to establish

12

that it first received actual notice of the judgment on November 11, 2003. *Id.* at *1. The trial court held a hearing on the rule 306a motion and the motion for new trial on December 29, 2004. *Id.* After taking the motions under advisement, the trial court denied the rule 306a motion because it overlooked Lavender's affidavit setting forth the facts for the rule 306a motion, which was in the court's file, and it denied the motion for new trial as untimely. *Id.*

On January 16, 2004, the trial court reconsidered the rule 306a motion and determined that Lavender received notice of the judgment on November 11, 2003, making the motion for new trial timely. *Id.* The trial court reconsidered the now timely motion for new trial on February 6, 2004 but again denied the motion. *Id.*

On appeal, Standard Waste argued that the appeal was untimely. First, it argued that Lavender's rule 306a motion was insufficient to reinvoke the trial court's plenary power. *Id.* at *2. Second, it argued that Lavender's notice of appeal was untimely. *Id.* The court of appeals rejected Standard Waste's arguments. *Id.* It held that once the trial court found that Lavender received notice of the judgment on November 11, 2003, all the postjudgment timetables began to run on that date. *Id.* Thus, Lavender's notice of appeal was timely filed on December 4, 2003. *Id.* The court of appeals made this holding even though the notice of appeal was filed *before* the trial court granted Lavender's rule 306a motion to extend the postjudgment deadlines. *Id.*

Although the court of appeals did not expressly address whether the notice of appeal transferred jurisdiction over the case to the court of appeals, it implicitly held that the trial court retained jurisdiction to consider a rule 306a motion even after a notice of

13

appeal had been filed. *Id.* *Lavender* is not binding on this Court, but we believe its outcome is correct.

"A party suffering an adverse judgment rendered without notice may not, consistent with concepts of due process, be hampered with undue burdens in attacking the judgment." *Gen. Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 944 (Tex.1991). Moreover, the law should promote, not frustrate, attempts by the trial courts to correct erroneous judgments without appellate court intervention. With these principles in mind, we hold that a party, attempting to preserve his rights to an appeal while still seeking to establish that his motion for new trial was timely and to obtain a ruling on that motion for new trial, should not be punished for his diligence. Accordingly, we hold that Wells Fargo's notices of appeal did not deprive the trial court of its authority to rule on its rule 306a motion to extend postjudgment deadlines.

## B. Did the trial court's plenary power expire before it granted Wells Fargo's second rule 306a motion?

Next, we must consider when the trial court's plenary power expired. Erickson argues that when the trial court denied Wells Fargo's first motion to extend the postjudgment deadlines on March 1, 2006, it determined that Wells Fargo's equitable motion for new trial was untimely, and the judgment became final as of December 9, 2005. Because there was no timely motion for new trial, the trial court's plenary power expired thirty days later on January 8, 2005. Thus, by its first order denying Wells Fargo's request to extend the postjudgment deadlines, the trial court effectively terminated its own plenary power at thirty days after the final judgment. By Erickson's reasoning, the trial court could not thereafter reconsider its decision because the decision terminated its plenary power.

14

Because a rule 306a motion can only be granted while the trial court retains plenary power, the trial court's order granting Wells Fargo's second motion to extend postjudgment deadlines and motion for new trial on April 18, 2006 is void. We disagree.

A rule 306a motion seeks to establish that the party did not receive actual notice of the judgment within twenty days after it was signed. TEX. R. CIV. P. 306a(4). Most often, a party filing such a motion faces a situation where the trial court's plenary power has already expired at the time it receives notice of the judgment. Thus, if the motion makes a prima facie showing that the party did not receive actual notice of the judgment within twenty days, the motion itself reinvokes the trial court's jurisdiction for the limited purpose of holding a hearing to determine the date the party received notice of the judgment. *Green v. Guidry*, 34 S.W.3d 669, 670 (Tex. App.–Waco 2000, no pet.).

The Texas Supreme Court has held that the date of notice alleged in the rule 306a motion also controls the time period for determining if the rule 306a motion itself is timely. There is no deadline for filing a rule 306a motion, except that the motion must be filed and ruled upon while the court retains plenary power, and the time for the court's plenary power is counted from the date of notice of the judgment as alleged in the rule 306a motion. *John v. Marshall Health Servs.*, 58 S.W.3d 738, 741 (Tex. 2001). For example, in this case, Wells Fargo alleged that it received notice on January 11, 2006. Thus, the trial court's plenary power to consider the rule 306a motion must be counted from January 11, 2006. *Id.*

The next question is how long did the trial court's plenary power last? In the absence of a plenary power-extending motion, such as a motion for new trial, the trial court's plenary power would have expired thirty days after January 11, 2006. TEX. R. CIV.

P. 329b(a). However, "[a]ny plenary power-extending motion should be effective to extend the time for filing a 306a(5) motion for the full plenary-power period, determined from the date of notice." *Green*, 34 S.W.3d at 670. If a motion for new trial is timely filed after notice of the judgment, a party can have as much as 105 days after receiving notice to file its 306a(5) motion. *Id.*; *see* TEX. R. CIV. P. 329b(c) (unless disposed of by written order, motion for new trial overruled by operation of law 75 days after judgment is signed); TEX. R. CIV. P. 329b(e) (trial court has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions for new trial are overruled, either by a written and signed order or by operation of law).

Here, Wells Fargo filed a motion for new trial within thirty days of receiving notice of the judgment. By this motion, Wells Fargo extended the trial court's plenary power as well as extended the time to file a rule 306a motion. *John*, 58 S.W.3d at 741. The trial court had 75 days to rule on the motion for new trial by written order, but it did not do so in that time. Thus, the motion was overruled by operation of law on March 27, 2006, which was 75 days after January 11, 2006. *Id.;* TEX. R. CIV. P. 329b(c). The trial court then had an additional thirty days to grant a new trial before its plenary power finally expired. TEX. R. CIV. P. 329b(e). Wells Fargo filed, and the trial court granted, its rule 306a motion before April 26, 2006, when the trial court's plenary power finally expired. Thus, the trial court was within its plenary power to grant Wells Fargo's rule 306a motion to extend the postjudgment deadlines and also its motion for new trial.

In essence, Erickson argues that a trial court cannot reconsider its decision to deny a rule 306a motion. We find nothing in the rules that precludes a trial court from reconsidering its prior ruling on such a motion within its plenary power or from entertaining

16

a second motion filed for the same purpose. To the contrary, in *Lavender*, discussed above, the trial court initially denied Lavender's rule 306a motion. 2005 WL 995344, at *1. By Erickson's logic, in *Lavender*, this denial would have terminated the court's plenary power and deprived it of jurisdiction to later extend the postjudgment deadlines. *Id.* But it reconsidered its earlier ruling, and the court of appeals approved of this course of action. *Id.* at *2. Again, while *Lavender* is not binding on this Court, we find that the court's analysis was correct, and we follow it here.

Finally, Erickson argues that because the second order extending the deadlines is also void because it was entered more than 90 days after the judgment was final, citing *Walker v. Harrison*, 597 S.W.2d 913 (Tex. 1980). This case does not mention or discuss a 90-day limit for a ruling on a rule 306a motion. We note that rule 306a(4) provides that even if a party receives notice of a judgment more than twenty days after it is signed and files a motion under rule 306a(5) to extend postjudgment deadlines, in no instance may those deadlines begin to run more than 90 days after the judgment is signed. TEX. R. CIV. P. 306a(4). However, that is clearly not the case here, as the postjudgment deadlines began to run on January 11, 2006, when Wells Fargo first received notice of the judgment, which was only a little over a month after the judgment was signed.

Accordingly, we hold that the trial court could properly consider Wells Fargo's second rule 306a motion to extend the postjudgment deadlines, and consequently, retained plenary power to grant Wells Fargo's motion for new trial. Because the trial court properly granted Wells Fargo's motion for new trial, there is no final judgment in this case, and we lack jurisdiction over these appeals.

17

## IV. Conclusion

Because the trial court granted Wells Fargo's motion for new trial within its plenary power, we lack jurisdiction over these appeals because there is no final judgment. Accordingly, we dismiss the consolidated appeals for lack of jurisdiction. Erickson's "Motion for Order Protecting Jurisdiction" is denied.

_____
GINA M. BENAVIDES,
Justice

Opinion delivered and filed
this the 19th day of June, 2008.