

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00059-CV
_____

SAR 1 SEMI-AUTOMATIC ASSAULT RIFLE WITH MAGAZINE, ET AL., APPELLANTS

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2016-522,855; Honorable Les Hatch, Presiding

May 3, 2017

## ORDER ON APPELLANT'S MOTION FOR REINSTATEMENT AND MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

By opinion and judgment dated March 7, 2017, this appeal was dismissed for failure to pay the required filing fee.[1] The filing fee has now been paid and payment was accompanied by *Appellant's Motion for Reinstatement.* We grant that motion and

---

[1] *SAR 1 Semi-Automatic Assault Rifle with Magazine v. State,* No. 07-17-00059-CV, 2017 Tex. App. LEXIS 1901 (Tex. App.—Amarillo March 7, 2017, no pet.) (mem. op.).

reinstate the appeal. Also pending before this court is the *Motion to Extend Time to File Notice of Appeal* filed by the real party in interest, Joe Dray Rushing. We deny that motion.

ANALYSIS

According to the limited record before this court, the trial court signed a default judgment against Mr. Rushing on November 14, 2016. Because no post-judgment motions were ever filed, his notice of appeal was due thirty days later, by December 14, 2016. *See* TEX. R. APP. P. 26.1(a). This deadline could have been extended to December 29th with a motion for extension. *See Id.* at 10.5(b), 26.3. He did not, however, file a notice of appeal until February 10, 2017. In his motion to extend the time to file his notice of appeal, Mr. Rushing requests that we apply the date his attorney became aware of the default judgment, allegedly December 27, 2016, for purposes of determining the filing deadline under Rule 26.1(a). We decline to do so as he has failed to comply with Rule 4.2 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 4.2.

If a party does not receive notice or acquire actual knowledge of a judgment within twenty days of its signing, the period to file a notice of appeal will not begin to run until the date the party receives notice. *Id.* at 4.2(a). To gain this additional time to file a notice of appeal, a party must comply with Rule 306a(5) of the Texas Rules of Civil Procedure and prove in the trial court, upon sworn motion, the date on which the party or his attorney first received notice of the judgment. *Id.* at 4.2(b); TEX. R. CIV. P. 306a(5). The Rule 306a(5) motion must be filed while the trial court retains plenary power, measured from the alleged date of notice in the motion. *See* TEX. R. CIV. P.

329b(d); *John v. Marshall Health Servs., Inc.,* 58 S.W.3d 738, 741 (Tex. 2001) (per curiam). Finally, the trial court must issue a written order that finds the date the party received notice. *See* TEX. R. APP. P. 4.2(c).

Thus, to proceed under Rule 4.2 of the Texas Rules of Appellate Procedure, Mr. Rushing was required to file a Rule 306a(5) motion in the trial court, present proof, and obtain an order from the trial court specifically finding the date he or his attorney first received notice of the default judgment. He was also required to file the Rule 306a(5) motion by January 26, 2017, within the trial court's plenary power, measured by the date he allegedly received notice.[2] *See Goodwill v. Tex. A&M Univ. Med. Sch.*, No. 03-04-00255-CV, 2004 Tex. App. LEXIS 5784, at *5-6 (Tex. App.—Austin July 1, 2004, no pet.) (mem. op.). Having failed to file a Rule 306a(5) motion within the trial court's plenary jurisdiction, he cannot satisfy the requirements of Rule 4.2 of the Texas Rules of Appellate Procedure, and therefore, he cannot benefit from the rule's extension of the appellate timetable. *See id.* at *6. Since Mr. Rushing's notice of appeal was not timely filed under Rule 26.1(a) of the Texas Rules of Appellate Procedure, we are without jurisdiction to entertain a direct appeal from the default judgment. *See* TEX. R. APP. P. 25.1(b), 26.1(a).

In the interest of justice, however, we construe Mr. Rushing's notice of appeal as a notice of restricted appeal. *See* TEX. R. APP. P. 25.1(d)(7) (required contents for

---

[2] The trial court's plenary power expired thirty days after December 27, 2016, the date Mr. Rushing's attorney alleges he learned of the default judgment. *See* TEX. R. CIV. P. 329b(d) (the trial court's plenary power expires thirty days after the judgment is signed); *Wells Fargo Bank*, *Nat'l Ass'n v. Erickson*, 267 S.W.3d 139, 148-49 (Tex. App.—Corpus Christi 2008, no pet.) (explaining that the trial court's plenary power over a 306a(5) motion is counted from the date of notice asserted in the 306a(5) motion). Because Mr. Rushing has judicially admitted that he received notice not later than December 27, 2016, the trial court's plenary power expired not later than January 26, 2017.

notice of restricted appeal); 26.1(c) (notice of restricted appeal must be filed within six months after the judgment is signed); 30 (allowing a party to file a restricted appeal if the party did not participate in the hearing resulting in the judgment complained of and did not timely file a post-judgment motion, request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a)).

Having reinstated the appeal as a restricted appeal, we direct Mr. Rushing to file an amended notice of appeal that complies with Rule 25.1(d)(7) on or before May 12, 2017. *See* TEX. R. APP. P. 25.1(d)(7). We further direct that Mr. Rushing make acceptable payment arrangements for the clerk's record and that he request preparation of and make acceptable payment arrangements for the reporter's record, if any, in compliance with Rules 35.3(a)(2) and (b)(3) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 35.3(a)(2), (b)(3). Given the uncertainty of a date by which to commence appellate timetables, we deem Mr. Rushing's restricted notice of appeal to be filed as of the date of this order. Accordingly, the appellate record must be filed within thirty days of the date of this order. *See* TEX. R. APP. P. 35.1(c). Appellate briefs will be due in accordance with the deadlines provided in Rule 38.6 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.6.

It is so ordered.

Per Curiam