

# NUMBER 13-23-00376-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ROY J. ELIZONDO III

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Tijerina, Silva, and Peña
### Memorandum Opinion by Justice Peña[1]

Relator Roy J. Elizondo III filed a petition for writ of mandamus through which he contends that the trial court abused its discretion by denying his Rule 306a motion regarding untimely notice of an order. *See* TEX. R. CIV. P. 306a(4), (5). We dismiss the petition for writ of mandamus as moot.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

In the underlying case, the trial court signed an order on April 27, 2023 granting real party in interest Andrew Smallbone's motion to dismiss Elizondo's claims against him under the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011. On June 29, 2023, Elizondo filed a "Sworn [Rule] 306a Motion" stating that he first received notice or actual knowledge of the trial court's order on June 23, 2023. *See* TEX. R. CIV. P. 306a(4), (5); *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding); *John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 740–41 (Tex. 2001) (per curiam). The trial court held a hearing and ultimately denied Elizondo's Rule 306a motion.[2] In this original proceeding, Elizondo contends that he presented uncontested prima facie proof that he lacked timely notice of the April 27, 2023 order, while Smallbone asserts that Elizondo failed to obtain a hearing and ruling on his Rule 306a motion within the period of the trial court's revived plenary jurisdiction.[3]

---

[2] Elizondo also filed a notice of appeal regarding the April 27, 2023 order in our appellate cause number 13-23-00301-CV. By separate memorandum opinion, we dismiss that appeal. *See Elizondo v. Smallbone*, No. 13-23-00301-CV, 2024 WL _____, at *__ (Tex. App.—Corpus Christi–Edinburg Mar. 7, 20204, orig. proceeding) (mem. op.).

[3] Elizondo first received notice of the April 27, 2023 judgment on June 23, 2023, and he filed his sworn 306a motion on June 29, 2023. *See John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 741 (Tex. 2001) (per curiam) ("Rule 306a simply imposes no deadline, and none can be added by decision," for filing a Rule 306a(5) motion "other than the deadline of the expiration of the trial court's jurisdiction."). Elizondo filed a notice of appeal on July 3, 2023. *See Wells Fargo Bank, Nat. Ass'n v. Erickson*, 267 S.W.3d 139, 148 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.) (concluding that the trial court retains jurisdiction to rule on a 306a motion after a notice of appeal has been filed). The court clerk advised Elizondo that the earliest available hearing date for his sworn 306a motion was August 3, 2023, and on that date, Elizondo filed additional evidence and the trial court held its hearing. The trial court ultimately denied Elizondo's sworn 306a motion on August 10, 2023. *Compare Moore Landrey, L.L.P. v. Hirsch & Westheimer, P.C.*, 126 S.W.3d 536 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (concluding that the trial court must hold a hearing and issue a ruling on a rule 306a motion within the period of the trial court's revived plenary jurisdiction, thus an order issued after this period was void), *with Tex. A&M Univ. Sys. v. Fraley*, No. 07-20-00116-CV, 2021 WL 3282161, at *2–4 (Tex. App.—Amarillo July 30, 2021) (mem. op.) (collecting cases concluding that the trial court retains jurisdiction to rule on a 306a motion after its plenary power has been revived by that motion, thus an order issued after this period was not void) (mem. op.); *see also Wells Fargo Bank, Nat. Ass'n*, 267 S.W.3d at 148 (noting in dicta that "[t]here is no deadline for filing a rule 306a motion, except that the motion must be filed and ruled upon while the court retains plenary power").

Upon our review of the record and our assessment of the parties' contentions, we conclude that jurisdiction remains vested in the trial court. Section 51.014(a)(12) of the Texas Civil Practice and Remedies Code authorizes an interlocutory appeal from an order denying a motion to dismiss filed under § 27.003 of the TCPA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12). "However, there is no statute authorizing an interlocutory appeal from an order *granting* a TCPA motion to dismiss." *El-Saleh v. Aldirawi*, 606 S.W.3d 1, 2 (Tex. App.—Waco 2020, pet. denied). Here, the trial court's order granting Smallbone's motion to dismiss provides:

> On March 29, 2023, the Court considered Defendant's Motion to Dismiss under the [TCPA]. After considering the pleadings, the motion and response, and the arguments made at the hearing, the Court finds that the [Smallbone's] Motion should be GRANTED and ORDERS that this lawsuit is DISMISSED with Prejudice.
>
> [Elizondo] is ORDERED TO PAY $_____ in Attorney's Fees, and $_____ in costs to [Smallbone]. [Elizondo] shall pay [Smallbone] on or before the _____ Day of _____, 2023. [Smallbone is] entitled to post judgment interest of _____ % on unpaid balances remaining after the date specified above.

The order thus contemplates an award of attorney's fees and costs; however, neither the order nor the record indicates that the trial court has issued a ruling on these matters. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a). The TCPA's fee-shifting provision pertaining to "Damages and Costs" provides in relevant part that if the trial court grants a motion to dismiss a legal action, it "shall award to the moving party court costs and reasonable attorney's fees." *Id.* This language is mandatory. *See Doe v. Cruz*, No. 04-21-00582-CV, 2023 WL 8246181, at *18 (Tex. App.—San Antonio Nov. 29, 2023, no pet. h.); *1st & Trinity Super Majority, LLC v. Milligan*, 657 S.W.3d 349, 377 (Tex. App.—El Paso

3

2022, no pet.); *Mireskandari v. Casey*, 636 S.W.3d 727, 740 (Tex. App.—Dallas 2021, pet. denied). Because the trial court's order granting Smallbone's motion to dismiss does not address an award of court costs and attorney's fees, the order is interlocutory and is not subject to appeal. *See Trane US, Inc. v. Sublett*, 501 S.W.3d 783, 787 (Tex. App.—Amarillo 2016, no pet.); *Inwood Forest Cmty. Improvement Ass'n v. Arce*, 485 S.W.3d 65, 70 (Tex. App.—Houston [14th Dist.] 2015, pet. denied); *see also New Mount Calvary Ministries CDC, Inc. v. Workrise Techs. Inc.*, No. 14-23-00298-CV, 2023 WL 4248714, at *1 (Tex. App.—Houston [14th Dist.] June 29, 2023, no pet.) (per curiam) (mem op.). Thus, this matter remains pending in the trial court.

The Court, having examined and fully considered the petition for writ of mandamus, Smallbone's response, the record, and the applicable law, is of the opinion that Elizondo's request for mandamus relief is moot. *See In re Cont. Freighters, Inc.*, 646 S.W.3d 810, 813 (Tex. 2022) (orig. proceeding) (per curiam); *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). Accordingly, we dismiss this original proceeding as moot.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
7th day of March, 2024.