**Ruben OLVERA, Appellant,**

v.

**Barbara Lynn OLVERA, Appellee.**

**No. 04–85–00284–CV.**

Court of Appeals of Texas,
San Antonio.

Jan. 22, 1986.

---

Cladie Heredia, Cynthia L. Muniz, Eagle Pass, for appellant.

Richard O. Gonzales, Del Rio, for appellee.

Before CADENA, and ESQUIVEL and REEVES, JJ.

## OPINION

### ON APPELLANT'S MOTION FOR REHEARING

PER CURIAM.

We dismissed Ruben Olvera's appeal because his appeal bond was not timely filed. The basis for our holding was that the motion for new trial was filed 36 days after the judgment was signed (April 2, 1985) and did not operate to extend the time for perfecting the appeal, since TEX.R.CIV.P. 329b(a) requires that a motion for new trial be filed within 30 days after the judgment is signed. Under such circumstances, we held that the appeal bond was required to be filed no later than May 2, 1985, and that the bond filed on June 25, 1985, was not timely.

In his motion for rehearing, appellant urges that, under TEX.R.CIV.P. 306a(4), the time for perfecting his appeal did not begin to run until May 3, 1985, the date on which he first received notice of the judgment. If appellant is correct, the motion for new trial filed on May 8, 1985, was timely filed, and therefore, the appeal bond filed on June 25, 1985, was timely.

The rule provides that if the party against whom judgment has been rendered neither received notice of the judgment from the clerk of the court nor acquired actual knowledge, the period for perfecting the appeal shall begin on the day that such party received notice from the clerk or acquired actual notice of the signing of the judgment. In his sworn motion for new trial appellant alleged that he received no notice from the clerk and did not gain knowledge of the judgment until May 3, 1985, more than 20 days after the judgment was signed.

TEX.R.CIV.P. 306a(5) provides that the party seeking to gain the benefit of the extension of time granted in paragraph (4), the party adversely affected by the judgment "is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." In this case, the motion for new trial was never called to the attention of the trial court, no hearing was ever held, no evidence supporting the allegations in the motion was presented, and no order overruling or granting the motion was signed within 75 days after the motion was filed. As a result, the motion was overruled by operation of law 75 days after it was filed. TEX.R.CIV.P. 329b(c).

Since appellant failed to make the proof required by paragraph (5) of TEX.R.CIV.P. 306a, he cannot avail himself of the provisions extending the time for perfecting the appeal.

The motion for rehearing is overruled.