**Robert Louis GREEN, Appellant,**

v.

**Kelly A. GUIDRY, Jr., Appellee.**

**No. 10–00–218–CV.**

Court of Appeals of Texas, Waco.

Nov. 29, 2000.

Robert Louis Green, pro se.

Lee Haney, Asst. Atty. Gen., Austin, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

### OPINION

PER CURIAM.

Judgment dismissing this case was signed by the trial judge on March 20, 2000. On May 17, 2000, Robert Green gave notice of his intent to appeal the court's order. In his notice of appeal, Green states that he was "provided actual notice" of the judgment on April 20, 2000. On July 6, we notified Green that his appeal would be dismissed for want of jurisdiction unless he could show grounds for continuing the appeal. He responded with a letter stating that Rule of Civil Procedure 306a(4) allows him to file his notice of appeal within thirty days of receiving actual notice of the court's ruling. *See* TEX.R.CIV.PROC. 306a(4).

Although Rule 306a(4) does provide for the time to file a notice of appeal to begin on the date that a party acquires actual knowledge of the court's order, paragraph 5 requires that "the party adversely affect-

ed ... prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." *Id.* 306a(5). Green has not complied with Rule 306a(5).

Rule 306a(5) states in full:

In order to establish the application of paragraph (4) of this rule, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

TEX.R.CIV.PROC. 306a(5). The plain language of paragraph 5 does not limit the time within which such a motion can be filed. Paragraph 4, on the other hand, does state that "all the [time periods] mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, *but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.*" *Id.* 306a(4) (emphasis added). Thus, a notice of appeal or motion for new trial (or other plenary power-extending motion) must be filed within thirty days of acquiring notice.

■ We hold that a Rule 306a(5) motion must be filed within the court's plenary power, counted from the date of notice. *Grondoma v.. Sutton,* 991 S.W.2d 90, 92 (Tex.App.—Austin 1998, pet. denied). We recognize that some courts hold that a party must file the motion within thirty days after acquiring notice. *John v. Marshall Health Servs., Inc.* 12 S.W.3d 888,

890 (Tex.App.—Texarkana 2000, no pet. h.); *Thompson v. Harco Nat'l Ins. Co.,* 997 S.W.2d 607, 625 (Tex.App.—Dallas 1998, pet. denied); *Gonzalez v. Sanchez,* 927 S.W.2d 218, 221 (Tex.App.—El Paso 1996, no writ); *Montalvo v. Rio Nat'l Bank,* 885 S.W.2d 235, 237 (Tex.App.—Corpus Christi 1994, no writ). These courts premise this holding on the rationale that a Rule 306a(5) motion is intended to establish a prima facie showing that the trial court has jurisdiction to conduct a hearing on whether Rule 306a(4) applies. *Thompson,* 997 S.W.2d at 625; *Womack-Humphreys Architects, Inc. v. Barrasso,* 886 S.W.2d 809, 814 (Tex.App.—Dallas 1994, writ denied). Because the motion establishes a prima-facie case of lack of timely notice, it invokes the trial court's jurisdiction for the limited purpose of holding a hearing to determine the date of notice. *Grondoma,* 991 S.W.2d at 91–92 (citing *Carrera v. Marsh,* 847 S.W.2d 337, 342 (Tex.App.—El Paso 1993, orig. proceeding)).

■ We agree with the stated rationale, but disagree that the time should always expire thirty days after notice is acquired. Rule 306a(1) provides that the date of judgment "as shown of record" shall determine "the court's plenary power to grant a new trial." TEX.R.CIV.PROC. 306a(1). Any plenary power-extending motion should be effective to extend the time for filing a 306a(5) motion for the full plenary-power period, determined from the date of notice. *Grondoma,* 991 S.W.2d at 91–92. Thus, if a plenary power-extending motion is timely filed after notice of the judgment, the party can have as much as 105 days after receiving notice to file the 306a(5) motion.[1] If no plenary power-extending motion is filed, the party seeking appellate review has thirty days after receiving notice of the judgment to file the 306a(5) motion.[2]

---

1. A party would have 105 days if the plenary power-extending motion were overruled by operation of law.

2. Of course, to properly invoke our jurisdiction a timely notice of appeal must also be filed.

■ The time to file the verified motion ran from April 20. The trial court's plenary power, counted from April 20, expired May 20. *See id.* A 306a(5) motion was not filed. Further, the time period in which the motion could be filed has expired. Therefore, Green cannot use Rule 306a(4) to extend the time within which to file his notice of appeal and we are left with no alternative but to determine that the notice of appeal was not timely filed and to dismiss this appeal for want of jurisdiction.