COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-03-292-CV
 
KAREN FOLEY                                                                       APPELLANT 
 
V.
 
ROBERT SULLIVAN                                                                   APPELLEE 
 
------------
 
FROM 
COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Karen Foley is attempting to appeal the trial court’s judgment in favor of 
Robert Sullivan. We will dismiss the appeal for want of jurisdiction. 
        The trial court’s judgment was signed on July 7, 2003; therefore, 
appellant’s notice of appeal (NOA) was due thirty days later unless appellant 
filed a timely motion for new trial or request for findings of fact and conclusions 
of law. See Tex. R. App. P. 26.1(a). Appellant requested findings of fact and 
conclusions of law, but the request was not timely because it was filed more 
than twenty days after the judgment was signed. See Tex. R. Civ. P. 296. 
Thus, appellant’s NOA was untimely: it was due on August 6, 2003, but was 
not filed until October 2, 2003. 
        In response to our jurisdiction letter, appellant asserts that her request for 
findings of fact and conclusions of law was timely because she did not receive 
notice of the trial court’s judgment until July 30, 2003, more than twenty days 
after the judgment was signed. See Tex. R. Civ. P. 306a(1), (4) (providing that 
deadline for requesting findings of fact and conclusions of law is extended if 
party did not receive notice of judgment within twenty days); Tex. R. App. P. 
4.2(a) (providing that appellate deadlines are extended if party affected by trial 
court’s judgment did not receive notice of same within twenty days). 
        Appellant did not, however, prove in the trial court that she failed to 
receive notice of the judgment until more than twenty days after it was signed. 
See Tex. R. Civ. P. 306a(5) (providing that extension does not apply unless 
adversely affected party proves in trial court, on sworn motion and notice, date 
on which party or her attorney first received notice of judgment); Tex. R. App. 
P. 4.2(b) (providing that procedure to extend appellate deadlines under appellate 
rule 4.2 is governed by procedural rule 306a(5)). Therefore, appellant cannot 
avail herself of the provisions in rules 306a and 4.2 to extend the time for 
perfecting her appeal. See Olvera v. Olvera, 705 S.W.2d 283, 284 (Tex. 
App.—San Antonio 1986, writ ref’d n.r.e.) (op. on reh’g). Accordingly, we 
dismiss the appeal for want of jurisdiction. 

                                                                  PER CURIAM 

PANEL D:   CAYCE, C.J.; LIVINGSTON, J.; and SAM J. DAY, J. (Retired, 
Sitting by Assignment). 
 
DELIVERED: November 20, 2003