Foley v. Sullivan

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-292-CV

KAREN FOLEY APPELLANT

V.

ROBERT SULLIVAN APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Karen Foley is attempting to appeal the trial court’s judgment in favor of Robert Sullivan.  We will dismiss the appeal for want of jurisdiction.

The trial court’s judgment was signed on July 7, 2003; therefore, appellant’s notice of appeal (NOA) was due thirty days later unless appellant filed a timely motion for new trial or request for findings of fact and conclusions of law.  
See
 
Tex. R. App. P.
 26.1(a).  Appellant requested findings of fact and conclusions of law, but the request was not timely because it was filed more than twenty days after the judgment was signed.  
See
 
Tex. R. Civ. P.
 296.  Thus, appellant’s NOA was untimely:  it was due on August 6, 2003, but was not filed until October 2, 2003.

In response to our jurisdiction letter, appellant asserts that her request for findings of fact and conclusions of law was timely because she did not receive notice of the trial court’s judgment until July 30, 2003, more than twenty days after the judgment was signed.  
See
 
Tex. R. Civ. P.
 306a(1), (4) (providing that deadline for requesting findings of fact and conclusions of law is extended if party did not receive notice of judgment within twenty days); 
Tex. R. App. P.
 4.2(a) (providing that appellate deadlines are extended if party affected by trial court’s judgment did not receive notice of same within twenty days).

Appellant did not, however, prove in the trial court that she failed to receive notice of the judgment until more than twenty days after it was signed.  
See
 
Tex. R. Civ. P.
 306a(5) (providing that extension does not apply unless adversely affected party proves in trial court, on sworn motion and notice, date on which party or her attorney first received notice of judgment); 
Tex. R. App. P.
 4.2(b) (providing that procedure to extend appellate deadlines under appellate rule 4.2 is governed by procedural rule 306a(5)).  Therefore, appellant cannot avail herself of the provisions in rules 306a and 4.2 to extend the time for perfecting her appeal.  
See Olvera v. Olvera,
 705 S.W.2d 283, 284 (Tex. App.—San Antonio 1986, writ ref’d n.r.e.) (op. on reh’g).  Accordingly, we dismiss the appeal for want of jurisdiction.

PER CURIAM

PANEL D: CAYCE, C.J.; LIVINGSTON, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DELIVERED: November 20, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.