

# Fourth Court of Appeals
## San Antonio, Texas

August 22, 2022

No. 04-21-00009-CV

Ernest **BUSTOS**,
Appellant

v.

**ENCINO PARK HOMEOWNERS ASSOCIATION** and Spectrum Association Management LP,
Appellees

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CI-18828
Honorable Larry Noll, Judge Presiding

# O R D E R

In the underlying case, Appellees moved for summary judgment on no-evidence grounds against Appellant's counterclaims, the only live claims remaining in the case. The trial court held a hearing on Appellees' motion on October 23, 2020. Appellant appeared pro se, and after both sides presented their arguments, the trial court stated it was "going to grant the no evidence motion for summary judgment."

The trial court signed an order granting the no-evidence motion on November 12, 2020. The trial court's order states that it "finally disposes of all parties and all claims and is appealable."

The clerk's record does not show that any other postjudgment motions were filed. Thus, Appellant's notice of appeal was due on December 14, 2020, *see* TEX. R. APP. P. 26.1, and a motion for extension of time to file a notice of appeal was due on December 29, 2020, *see* TEX. R. APP. P. 26.3.

Appellant, acting pro se, filed his notice of appeal on January 11, 2021. In his notice, he states that he did not receive notice or actual knowledge of the trial court's judgment until December 15, 2020, but he asks "this court to use its discretion to grant this appeal."

If a party does not receive notice of the trial court's judgment in a civil case, the party may be able to gain additional time to file a postjudgment motion:

> If a party affected by a judgment or other appealable order has not—within 20 days after the judgment or order was signed—either received the notice required by Texas Rule of Civil Procedure 306a.3 or acquired actual knowledge of the signing, then a period that, under these rules, runs from the signing will begin for that party on the earlier of the date when the party receives notice or acquires actual knowledge of the signing. But in no event may the period begin more than 90 days after the judgment or order was signed.

TEX. R. APP. P. 4.2; *cf. John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 740 (Tex. 2001) (quoting Rule 306a of the Texas Rules of Civil Procedure).

"The procedure to gain additional time is governed by Texas Rule of Civil Procedure 306a.5." TEX. R. APP. P. 4.2(b); *accord Olvera v. Olvera*, 705 S.W.2d 283, 284 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.) (op. on reh'g) (per curiam). Rule 306a.5 reads as follows:

> In order to establish the application of paragraph (4) of this rule, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

TEX. R. CIV. P. 306a.5; *accord Olvera*, 705 S.W.2d at 284; *see also Grondona v. Sutton*, 991 S.W.2d 90, 91 (Tex. App.—Austin 1998, pet. denied).

The party seeking additional time must file the sworn motion before trial court's plenary power expires. *John*, 58 S.W.3d at 741; *Grondona*, 991 S.W.2d at 92. If a party fails to comply with Rule 306a.5's requirements, the party "cannot avail himself of the provisions extending the time for perfecting the appeal." *Olvera*, 705 S.W.2d at 284.

Here, the trial court's order was signed on November 12, 2020, and no other postjudgment motions were filed. Thus, the trial court's plenary power expired on December 14, 2020. *See* TEX. R. CIV. P. 329b(d) (plenary power for thirty days); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000).

The appellate record does not show that Appellant filed a Rule 306a.5 sworn motion, requested or received a hearing on the motion, or obtained "a written order that finds the date when the party or the party's attorney first either received notice or acquired actual knowledge that the judgment or order was signed." *See* TEX. R. APP. P. 4.2(c); TEX. R. CIV. P. 306a.5; *Green v. Guidry*, 34 S.W.3d 669, 670–71 (Tex. App.—Waco 2000, no pet.).

Because Appellant's notice of appeal was due not later than December 29, 2020, it was not filed until January 11, 2021, and the record does not show that Appellant complied with Rule 306a.5 to obtain additional time to file his notice of appeal, Appellant's notice of appeal appears to be untimely. *See* TEX. R. APP. P. 4.2; *John*, 58 S.W.3d at 741; *Green*, 34 S.W.3d at 671.

We **order** Appellant to **show cause** in writing within **fifteen days** of the date of this order why this appeal should not be dismissed for want of jurisdiction. If Appellant fails to show cause in writing as ordered, this appeal will be dismissed without further notice. *See* TEX. R. APP. P. 42.3(c).

It is so **ORDERED** on August 22, 2022.

**PER CURIAM**

ATTESTED TO:
MICHAEL A. CRUZ,
CLERK OF COURT

