**Opinion issued September 5, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-24-00292-CV**

————————————

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE IN TRUST FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2005-WMCI, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-WMCI, Appellant**

**V.**

**CHARLOTTE GONZALEZ, DEPENDENT ADMINISTRATOR OF THE ESTATE OF REYES GONZALEZ, JR., DECEASED, Appellee**

---

**On Appeal from the Probate Court No. 1**
**Harris County, Texas**
**Trial Court Case No. 498670**

---

## MEMORANDUM OPINION

This is an appeal from the trial court's January 12, 2024 order granting the

motion to discharge lien filed by appellee, Charlotte Gonzalez, Dependent

Administrator of the Estate of Reyes Gonzalez, Jr., Deceased. Gonzalez filed a motion to dismiss the appeal, asserting that the notice of appeal was not timely filed and asking that we impose damages for a frivolous appeal. Appellant, Deutsche Bank National Trust Company, as Trustee in trust for the registered holders of Morgan Stanley ABS Capital I Inc., Trust 2005-WMC1 Mortgage Pass-Through Certificates, Series 2005-WMC1 (the "Bank"), filed a response. We grant the motion and dismiss the appeal for lack of jurisdiction.

## Background

The underlying case is a probate case in which Gonzalez is the dependent administrator. On February 24, 2023, Gonzalez filed an application for sale of certain real property. On April 11, 2023, the trial court signed an order approving the sale. On May 4, 2023, the Bank filed an authenticated secured claim based on a note in the original amount of $60,000.00 secured by a deed of trust. On May 26, 2023, Gonzalez rejected the Bank's claim. On December 7, 2023, Gonzales filed a motion to discharge the lien, asserting that the Bank had failed to commence suit no later than the 90th day after Gonzalez rejected the claim, citing to Texas Estates Code section 355.064. The Bank did not file a response to this motion. The motion to discharge the lien was set for a hearing on January 4, 2024. The Bank did not appear at the hearing. The trial court granted the motion to discharge by order signed on January 12, 2024. On March 13, 2024, the Bank filed a motion to

vacate. The trial court did not rule on this motion and on April 11, 2024, the Bank filed a notice of appeal.

Gonzalez moved to dismiss the appeal for lack of jurisdiction, claiming that the Bank's notice of appeal was untimely filed. In response to the motion to dismiss, the Bank presented three arguments: (1) the January 12, 2024 order is interlocutory and appealable and thus, the trial court never lost plenary power; (2) the Bank did not receive notice of a judgment because the January 12, 2024 order was based on a motion that Gonzalez failed to serve on the Bank;[1] and (3) Gonzalez fails to refute the Bank's argument that it never received notice of the January 12, 2024 order.

### January 12, 2024 order is final for purposes of appeal

Citing to *De Ayala v. Mackie*, 193 S.W.3d 575 (Tex. 2006) and *In the Guardianship of Macer*, 558 S.W.3d 222 (Tex. App.—Houston [14th Dist.] 2018, no pet.), the Bank contends that the January 12, 2024 order is interlocutory but appealable. We disagree.

"Probate proceedings are an exception to the 'one final judgment' rule; in such cases, 'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *De Ayala*, 193 S.W.3d at 578 (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001)). The justification for this exception

---

[1] Because our review leads us to conclude that we lack jurisdiction over this appeal, we need not consider this argument.

is to permit review of "'controlling, intermediate decisions before an error can harm later phases of the proceeding . . . .'" *Id.* (quoting *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied)). The Texas Supreme Court has set out the following test to determine if the ruling was final and appealable:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995).

"A probate order is the 'functional equivalent' of a final judgment when it finally disposes of a particular issue between the parties," and the trial court's "plenary power to vacate, modify, correct, or reform a final order expires 30 days after it is signed." *In re Jacky*, 506 S.W.3d 550, 555 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding). Although a "probate court retains jurisdiction over the administration of an estate until that estate is disposed of, 'that continuing jurisdiction does not alter the court's plenary power over final judgments.'" *Id.* (quoting *Smalley v. Smalley*, 436 S.W.3d 801, 806 n.9 (Tex. App.—Houston [14th Dist.] 2014, no pet.)).

The Bank argues that the January 12, 2024 order disposes of all the relief requested by Gonzalez in the motion to discharge the lien making it appealable. In support of this argument, Gonzalez cites to *In the Guardianship of Macer*, 558 S.W.3d at 226. But the *Macer* court cites to *De Ayala* for the proposition that there may be multiple judgments final for purposes of appeal and they need not dispose of all pending claims to be appealable. *Id.*

Either the January 12, 2024 order is final and appealable, or it is interlocutory and not appealable. No statute declares an order such as the January 12, 2024 order to be appealable. The only other basis for finding this order to be appealable is if it disposes of all parties and issues in one aspect of the probate proceeding. *See Crowson*, 897 S.W.2d at 783. We conclude that this order does dispose of a major issue in this estate proceeding and the claims of both parties concerning that issue.

The Texas Estates Code contains strict time limits concerning parties' claims against an estate. A claim, such as that presented by the Bank in this case, may be presented to a personal representative of an estate at any time, *see* TEX. EST. CODE § 355.001, but the personal representative must allow or reject that claim or any part of the claim, not later than 30 days after the date the claim is presented to the personal representative. *See* TEX. EST. CODE § 355.051. Here, the Bank presented its claim on May 4, 2023. Gonzalez rejected that claim within 30 days on May 26,

2023. And section 355.064(a) provides that, if a claim is rejected, it is barred "unless not later than the 90th day after the date of rejection the claimant commences suit on the claim" in the probate court in which the estate is pending. *Id.* § 355.064(a). If a claimant does not file suit and obtain a judgment approving or establishing that claim, that claim may not be paid. *Id.* § 355.101.

Although the Bank argues that it was not bound by section 355.064(a), the record in this case does not show that it filed suit within 90 days after its claim was rejected. Whether the Bank was required to follow this statutory directive need not be decided here as Gonzalez then filed a motion to discharge the lien and the trial court granted that motion. This January 12, 2024 order granting the motion to discharge the lien ordered the Bank's lien discharged and removed and for the prior order approving the application for sale of the property to proceed "free and clear of and unencumbered by the above-described lien." This order effectively disposed of all parties and issues relating to the Bank's claim against the real property. Thus, we hold that the January 12, 2024 order was final for purposes of appeal.

### Lack of notice under Rule 306a not established

The Bank next asserts that Gonzalez failed to refute its argument that it received no notice of the January 12, 2024 order. The Bank claimed in its motion to vacate the January 12, 2024 order that it did not receive notice of the order and

6

only acquired actual knowledge of it on February 12, 2024. When a party claims that it received no notice of a judgment or order, it must follow the procedure in Rule 306a to obtain additional time for appellate deadlines. *See* TEX. R. APP. P. 4.2(a), (b). Rule 306a provides:

> If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

*See* TEX. R. CIV. P. 306a(4).

To establish application of Rule 306a(4), the party must prove in the trial court, "on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." TEX. R. CIV. P. 306a(5). Rule 306a "unquestionably places the burden on the movant to prove in the trial court, on sworn motion and notice the date on which the party first acquired notice of actual knowledge of the signing and that this date was more than 20 days after the judgment was signed." *Carrera v. Marsh*, 847 S.W.2d 337, 342 (Tex. App.—El Paso 2993, no writ); *see In re*

*Alsandor*, 01-23-00155-CV, 2023 WL 4356184, at \*2 (Tex. App.—Houston [1st Dist.] July 6, 2023, orig. proceeding) (mem. op.).

The Bank not only failed to comply with the procedures set out in Rule 306a(5), but it also failed to establish a prima facie case that it lacked timely notice.

### 1.  The Bank did not comply with Rule 306a(5)

The Bank did not file a sworn motion, did not request a hearing, and did not ask the trial court to determine and make a finding of the date the Bank received notice or acquired actual notice of the order.  *See* TEX. R. CIV. P. 306a(5).  Instead, the Bank filed a motion to vacate in which the Bank merely asserted it was timely filed under Rule 306a.  Nothing in the record indicates that the motion was called to the attention of the trial court.  *See Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (recognizing that trial court is not required to consider motion that is not called to its attention).  And no order appears in the record granting or denying the motion.

If a party does not file a sworn motion, the affidavits supporting it must verify as true and correct the facts set out in the motion concerning lack of notice of the order or the motion will not be construed to be a sworn motion as required

by Rule 306a.[2]  *See Auto. Consultants v. Gen. Motors Corp.*, No. 05-01-00479-CV, 2002 WL 386856, at \*4 (Tex. App.—Dallas Mar. 13, 2002, pet. denied).  The Bank stated that its attorneys received no notice of the signing of the January 12, 2024 order discharging the lien and supported this assertion with an affidavit from attorney Johnetta Lang as well as unsworn declarations from two legal assistants, and other documents.  The Bank does not explicitly argue that the affidavit is sufficient to substitute for a sworn motion, but even if we considered Lang's affidavit to be sufficient for us to construe the motion as a sworn motion, the motion does not request a trial court finding of the date it received notice of the order.  *See Tex. Educ. Agcy. v. Excellence 2000, Inc.*, No. 01-24-00368-CV, 2024 WL 3817123, at \*2 (Tex. App.—Houston [1st Dist.] Aug. 15, 2024, no pet. h.) (dismissing appeal because agency alleged notice of appeal was timely due to lack of notice of judgment but failed to follow Rule 306a(5) procedure by filing sworn motion and obtaining trial court order).  Nor did the Bank request a hearing.  *See Olvera v. Olvera*, 705 S.W.2d 283, 284 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.) (op. on reh'g) (rejecting appellant's assertion that he was entitled to rehearing of court's earlier dismissal of his appeal for lack of jurisdiction where appellant had failed to obtain hearing and present evidence in trial court to support

---

[2]  A motion to reinstate with attached affidavits has been held to be the functional equivalent of a verified motion.  *See Young v. DiFerrante*, 553 S.W.3d 125, 129 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

his 306a motion); *see also In re Bokeloh*, 21 S.W.3d 784, 792 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding) ("[A] hearing and notice of that hearing are essential to the validity of any Rule 306a(5) order").

**2. The Bank did not establish a prima facie case under Rule 306a**

In addition to failing to comply with the Rule 306a(5) procedures, the Bank failed to establish a prima facie case under Rule 306a. "To make a prima-facie case of lack of timely notice, [appellant] had to offer evidence that neither he nor his attorney learned of the judgment within twenty days after it was signed." *Grondona v. Sutton*, 991 S.W.2d 90, 92 (Tex. App.—Austin 1998, pet. denied). The Bank failed to establish that neither it nor its attorneys learned of the order within twenty days after it was signed.

Lang stated in her affidavit that she was employed as the managing attorney for LOGS Legal Group, LLP ("LOGS") and on February 12, 2024, during a case file review, she located a copy of the January 12, 2024 order that was allegedly served on Renee Casas, an attorney previously associated with LOGS. Lang stated that she saw that the order was also allegedly served on two legal assistants with LOGS. She asked those legal assistants to review their email, but they did not locate a copy of the January 12, 2024 order. Lang added:

> As of September 7, 2023, Casas was no longer with our firm. After Casas' departure, emails sent to rcasas@logs.com were monitored, so that correspondences and documents received could be reviewed, processed, and incorporated to LOGS records pursuant to

10

its policies and procedures. According to Automated Certificates of eService and the notice letter dated October 27, 2023, documents in the probated ancillary case number 498670-401 were served on Casas at rmc@replevin.com and by mail to 1800 Bering Drive Suite 460, Houston, TX 77057, rather than to rcasas@logs.com. Our records do not contain any emails or record of any other correspondences from Casas related to this case after her departure on September 7, 2023.

. . . .

It is more difficult for me to reconcile the Certificates of Service of the Motion, Notice, and this Order granting the Motion on January 12, 2024. LOGS has no record of receiving service of any of the documents at the time of filing, either through e-service or otherwise. The e-filing system's Automated Certificates of Service indicate that these documents were sent to various Costa [legal assistant], Humphreys [legal assistant] and Casas at KCOSTA@LOGS.COM, EHUMPHREYS@LOGS.COM, AND RCASAS@LOGS.COM, but the fact is, these documents were not received. This is the reason that LOGS did not respond to the Motion, did not request a setting prior to the submission date; and did not previously file a motion to vacate this Court's January 12, 2024, Order.

Based on this information, it is apparent that former LOGS attorney, Renee Casas, represented the Bank in this case and, although she departed from LOGS in September 2023, she apparently remained listed as lead counsel for the Bank in the trial court. The Bank does not provide an affidavit from Casas concerning whether she received notice of the January 12, 2024 order. Lang does not mention whether any other LOGS attorney substituted for Casas after she departed the firm, but Lang states that any notices or documents sent to Casas via her LOGS email address "were monitored," though she does not state by whom. This does not

11

explain whether notices may have gone to Casas at her new email address. Lang does not state whether the Bank itself received notice or acquired actual knowledge of the January 12, 2024 order.

The Bank has failed to establish a prima facie case of lack of notice because it has failed to show that neither the Bank nor other attorneys, including Casas, received notice or acquired actual knowledge of the January 12, 2024 order. Casas apparently remained listed as lead attorney for the Bank for months after she left employment with LOGS, and Lang's affidavit fails to mention whether Casas, or other attorneys allegedly monitoring Casas LOGS email address, or the Bank itself, received notice of acquired actual knowledge of the order. *See Bexar Appraisal Dist. v. Lucifer Lighting Co.*, No. 04-21-00509-CV, 2023 WL 378653, at *2 (Tex. App.—San Antonio Jan. 25, 2023, no pet.) (mem. op.) (holding that affidavit of one attorney did not negate possibility of Bexar's other attorneys acquiring actual knowledge within twenty-day period after judgment was signed); *see also Jarrell v. Bergdorf*, 580 S.W.3d 463, 467 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (construing language in Rule 306a(4) "to require parties to present evidence establishing the date or dates on which the party and the party's counsel first received notice or acquired actual knowledge of the judgment").

Because the Bank failed to comply with Rule 306a(5) procedures and failed to establish a prima facie case under Rule 306a, the Bank's motion to vacate, filed

12

approximately 60 days after the January 12, 2024 order was signed, was not timely filed. A post-judgment motion, such as a motion to vacate, must be filed within 30 days after the judgment is signed. *See* TEX. R. CIV. P. 329b(a). Because the Bank's motion to vacate was not timely filed, it did not extend the deadline for filing the Bank's notice of appeal. Therefore, the Bank's April 11, 2024 notice of appeal, which was filed 90 days after the appealed order was signed, was untimely. *See* TEX. R. APP. P. 26.1(a). When a notice of appeal is not timely filed, this Court lacks jurisdiction over the appeal and must dismiss the appeal. *See Baker v. Baker*, 469 S.W.3d 269, 272 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Accordingly, we grant Gonzalez's motion to dismiss.

Gonzalez also asks that we impose damages under Rule 45. *See* TEX. R. APP. P. 45. We decline to do so.

The appeal is dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3, 43.2(f). Any other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.