

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-26-00241-CV

Richard Allen **MORRISON**,
Appellant

v.

Joseph **MORRISON** and Angelita Morrison,
Appellees

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2025-CV-01299
Honorable Cesar Garcia, Judge Presiding

PER CURIAM

Sitting:    Lori Massey Brissette, Justice
           Adrian A. Spears II, Justice
           H. Todd McCray, Justice

Delivered and Filed: May 13, 2026

DISMISSED FOR WANT OF JURISDICTION

On March 20, 2026, appellant filed a notice of appeal purporting to appeal the trial court's denial of his motion to set aside the October 3, 2025 final judgment as well as the final judgment. In his motion, appellant asserted he did not receive actual knowledge of the judgment until November 6, 2025.

If a party does not receive notice of the trial court's judgment in a civil case, the party may be able to gain additional time to file a post-judgment motion:

> If a party affected by a judgment or other appealable order has not—within 20 days after the judgment or order was signed—either received the notice required by Texas Rule of Civil Procedure 306a.3 or acquired actual knowledge of the signing, then a period that, under these rules, runs from the signing will begin for that party on the earlier of the date when the party receives notice or acquires actual knowledge of the signing. But in no event may the period begin more than 90 days after the judgment or order was signed.

TEX. R. APP. P. 4.2; *see also* TEX. R. CIV. P. 306a.4. "The procedure to gain additional time is governed by Texas Rule of Civil Procedure 306a.5." TEX. R. APP. P. 4.2(b); *accord Olvera v. Olvera*, 705 S.W.2d 283, 284 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.) (per curiam). Rule 306a.5 provides:

> [T]he party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

TEX. R. CIV. P. 306a.5; *accord Olvera*, 705 S.W.2d at 284; *see also Grondona v. Sutton*, 991 S.W.2d 90, 91 (Tex. App.—Austin 1998, pet. denied).

Here, the appellate record does not show appellant filed a Rule 306a.5 sworn motion, requested or received a hearing on the motion, or obtained "a written order that finds the date when the party or the party's attorney first either received notice or acquired actual knowledge that the judgment or order was signed." *See* TEX. R. APP. P. 4.2(c); TEX. R. CIV. P. 306a.5; *Green v. Guidry*, 34 S.W.3d 669, 670–71 (Tex. App.—Waco 2000, no pet.). Even if we construe appellant's motion as a "sworn motion and notice" because appellant mentions Rule 306a.4, the record lacks a written order finding the date that appellant received notice or acquired actual notice of the judgment. *See* TEX. R. APP. P. 4.2(c). The order here merely provides appellant's motion is "denied." Without a written order finding the date appellant received notice or acquired actual knowledge that the trial court signed the judgment, the notice of appeal was due no later than November 3, 2025, or a notice of appeal and motion for extension of time was due November 17, 2025. *See* TEX. R. APP. P. 26.1(a), 26.3.

Furthermore, even if the trial court had granted appellant's motion and found appellant had notice no earlier than November 6, 2025, a notice of appeal must be filed "within 90 days after the judgment is signed if any party timely files" a motion for new trial or a motion to modify the judgment. TEX. R. APP. P. 26.1(a). But we may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party files the notice of appeal and a motion for extension of time complying with Rule 10.5(b). TEX. R. APP. P. 26.3.

Here, appellant's notice of appeal, based on the November 6, 2025 date of receipt of the judgment, would have been due February 4, 2026 or the notice of appeal and motion for extension of time would have been due February 19, 2026. TEX. R. APP. P. 26.1(a), 26.3. "[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing predecessor to Rule 26). Accordingly, Appellant's *March* 2026 notice of appeal is untimely and this court lacks jurisdiction over the appeal.

Because the notice of appeal is untimely, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction by May 4, 2026. We admonished appellant that if he failed to adequately respond to this order by the date ordered, this appeal would be dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3. We further admonished appellant that if a supplemental clerk's record was required to show appellant has the right to appeal, appellant was required to request a supplemental record from the trial court clerk and file a copy of the request with this court.

Appellant did not respond to our order. Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM