**Vacated in Part and Reversed and Remanded in Part and Opinion filed August 2, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00300-CV

## IN THE GUARDIANSHIP OF STERLING MACER, AN INCAPACITATED PERSON

**On Appeal from the County Court at Law No. 2**
**Fort Bend County, Texas**
**Trial Court Cause No. 15-CPR-028121**

### O P I N I O N

This is an appeal of a probate court's order awarding reimbursement of attorney's fees and expenses to one of the parties in this suit, a guardianship proceeding. Because the probate court's order did not comply with certain statutory requirements, it is void in part. Further, the probate court erred in awarding certain attorney's fees because there is no evidence to support an implied finding of fact. We therefore vacate the order in part and reverse in part and remand the case to the probate court.

## Background

Sterling R. Macer, Sr. and his wife, Delores, had three children: Deanne Hodge, Sterling R. Macer, Jr., and Dawn Macer. In 2010, while living in Missouri, Sterling Sr. appointed Sterling Jr. and Deanne co-attorneys-in-fact under a durable power of attorney to act in a fiduciary capacity on Sterling Sr.'s behalf. In 2011, Sterling Sr. and Delores moved from Missouri to Texas.

Delores began this guardianship proceeding in 2015 by moving to have the probate court appoint an attorney ad litem to represent Sterling Sr.'s legal interests. Delores also applied to act as temporary guardian of Sterling Sr.'s person and estate.

The probate court appointed an attorney ad litem, a guardian ad litem, a receiver, and a temporary guardian of the person. The court also created a management trust for Sterling Sr.'s funds and assets. The probate court declared Sterling Sr. totally incapacitated.

Sterling Jr. intervened in the guardianship proceeding and filed a request for reimbursement of attorney's fees and expenses. Based on the evidence attached to the request, Sterling Jr. sought to recover (a) fees and expenses incurred in a prior Missouri lawsuit initiated by Delores regarding Sterling Sr.'s retirement funds, and (b) fees and expenses incurred to date in ancillary Texas litigation. Sterling Jr. contended that he was entitled to reimbursement of fees and expenses as to those proceedings because he was acting as attorney-in-fact for Sterling Sr. in an effort to fulfill Sterling Jr.'s fiduciary obligation to defend and protect Sterling Sr.'s life savings.

The probate court denied Sterling Jr.'s request by written order signed April 1, 2016. More than two months later, Sterling Jr. moved for reconsideration and also filed a supplement to his reimbursement request. In the supplemental motion,

Sterling Jr. sought additional attorney's fees and expenses he alleged were incurred in the guardianship proceeding. The probate court granted Sterling Jr.'s motion for reconsideration and signed an order on February 20, 2017 authorizing Sterling Jr., his attorney, and two law firms retained as local counsel in the Missouri and Texas proceedings, to receive $131,631 in reimbursement paid from the funds of Sterling Sr.'s estate by the trustee of the management trust. The order did not purport to resolve any pending claims or issues in the guardianship proceeding other than Sterling Jr.'s request for reimbursement of fees and expenses.

Sterling Sr. died approximately one month after the trial court's February 20, 2017 reimbursement order.[1] Deanne and Delores appeal the probate court's February 20, 2017 order.

## Analysis

Deanne and Delores challenge the merits of the probate court's order in numerous respects. Before we address those arguments, we must first ascertain whether we have jurisdiction over the appeal. Our jurisdiction turns on whether the probate court's order is final for purposes of appeal. At our request, the parties filed supplemental briefing on the jurisdictional question.[2]

---

[1] Following Sterling Sr.'s death, the management trust terminated, Tex. Est. Code § 1301.203(b)(3), and the probate court signed orders discharging the guardian ad litem and receiver.

[2] "We must inquire into our own jurisdiction, even if it is necessary to do so sua sponte." *In re Estate of Gaines*, 262 S.W.3d 50, 62 n.13 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

3

## A.	Appellate Jurisdiction

### 1.	*The "complex area" of appellate jurisdiction over interlocutory probate orders*

As a general rule—with few, mostly statutory exceptions—a party may appeal only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Under *Lehmann*, when a conventional trial on the merits has not occurred, an order or judgment is considered final for purposes of appeal only if it: (1) actually disposes of every pending claim and party; or (2) clearly and unequivocally states that it finally disposes of all claims and all parties. *Id.* at 205.

Probate proceedings, however, are an exception to the "one final judgment" rule. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). A probate proceeding consists of "a continuing series of events," and later decisions regarding administration of an estate or guardianship of a ward necessarily may be based on earlier decisions in the proceeding. *See In re Estate of Adams*, No. 14-12-00064-CV, 2013 WL 84925, at *2 (Tex. App.—Houston [14th Dist.] Jan. 8, 2013, no pet.) (mem. op.). In such cases, "'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *De Ayala*, 193 S.W.3d at 578 (quoting *Lehmann*, 39 S.W.3d at 192). Therefore, probate orders need not dispose of all pending claims and parties in the entire proceeding to be appealable. *See SJ Med. Ctr., L.L.C. v. Estahbanati*, 418 S.W.3d 867, 870-71 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see also De Ayala*, 193 S.W.3d at 578 (the exception for probate proceedings from the one-final-judgment rule exists, in part, to allow appellate review of controlling, intermediate issues in order to prevent an error from harming later phases of the proceeding).

4

In *De Ayala*, the Supreme Court of Texas reaffirmed the test announced in *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995), for determining appellate jurisdiction of an "ostensibly interlocutory probate order":

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*De Ayala*, 193 S.W.3d at 578 (internal quotation omitted).[3] Accordingly, to determine whether a probate court order is final for purposes of appeal, we first give controlling effect to an express statute declaring the phase of the probate proceeding to be final and appealable. *Id.* If no express statute controls, a probate court order is final and appealable only if it "dispose[s] of all parties or issues in a particular phase of the proceedings." *Id.* at 579.

### 2. *The reimbursement order*

We first consider whether a controlling statute declares an order such as the one disposing of Sterling Jr.'s motion to be final for appellate purposes. *See id.* at 578-79. Section 1157.057 of the Estates Code provides that an order signed by a "court acting on a claim . . . has the effect of a final judgment." A claim, for purposes

---

[3] *De Ayala* concerned a decedent's will and estate, not a guardianship proceeding. However, because guardianship proceedings, like proceedings involving a decedent's will, must be filed and heard in a court exercising original probate jurisdiction, Tex. Est. Code § 1022.001(a), we determine our appellate jurisdiction over the reimbursement order in this case under *De Ayala*'s test regarding appealability of interlocutory probate orders. *See, e.g.*, *In re Estate of Calkins*, Nos. 01-11-00731-734-CV, 2013 WL 4507923, at *2-3 (Tex. App.—Houston [1st Dist.] Aug. 22, 2013, no pet.) (per curiam) (mem. op.) (applying *De Ayala* in review of trial court's order denying motion to dismiss guardianship); *In re Guardianship of Glasser*, 297 S.W.3d 369, 374 (Tex. App.—San Antonio 2009, no pet.) (applying *De Ayala* in review of probate court's orders authorizing an attorney ad litem to hire litigation counsel and authorizing the payment of fees to the attorney ad litem and litigation counsel).

of this statute, is one made against the guardianship estate. *See generally* Tex. Est. Code ch. 1157, subch. A. Concerning guardianships, the Estates Code defines "claim" to include "a liability against the estate of an incapacitated person." *Id.* § 1002.005(1). The code establishes several procedural requirements applicable to claims against guardianship estates, including presentment of the claim to the guardian of the estate or the clerk, as well as inclusion of a supporting affidavit. *Id.* §§ 1157.001, 1157.002, 1157.004. After a claim against a ward's estate has been presented to, and allowed by, the guardian of the estate, the claim must be filed with the county clerk, who will then enter the claim on the claim docket. *Id.* § 1157.053. The court shall then approve or reject the claim; the court's order documenting its action on the claim has the effect of a final judgment. *Id.* §§ 1157.055, 1157.057(b) (stating that "an order under Subsection (a) has the effect of a final judgment").

In signing the February 20, 2017 reimbursement order, the probate court did not "act[] on a claim" within the meaning of Chapter 1157. Sterling Jr.'s request for reimbursement—insofar as he sought reimbursement for fees and expenses incurred as Sterling Sr.'s attorney-in-fact relating to the Missouri and Texas litigation—is an assertion of a liability against the guardianship estate. Tex. Est. Code § 1002.005(1). Thus, Sterling Jr. was required to present his request as a "claim" and comply with the procedures outlined in Chapter 1157. However, there is no indication that Sterling Jr. invoked or complied with Chapter 1157. Because claims procedures were not followed here, the trial court's order is not fairly characterized as one "acting on a claim" under section 1157.057(a). Therefore, section 1157.057(b) does not apply and hence does not require that we give the court's order the effect of a final judgment.

To the extent Sterling Jr.'s motion or supplemental motion sought fees and expenses incurred in connection with the guardianship proceeding, those alleged

fees and expenses may be recoverable independently of Chapter 1157's claims procedures. *See, e.g.*, Tex. Est. Code § 1155.054. For example, and as we discuss below, the trial court's award included fees incurred by Sterling Jr. in seeking appointment as Sterling Sr.'s guardian and otherwise participating in the guardianship proceeding. *See id.* However, no statute controls the finality for appeal purposes of such an award.

Because no controlling statute declares the type of order at issue final and appealable, the order is appealable only if it "dispose[s] of all parties or issues in a particular phase of the proceedings." *De Ayala*, 193 S.W.3d at 579. An order that "does not end a phase of the proceedings, but sets the stage for the resolution of all proceedings, . . . is interlocutory." *Id.* As the Supreme Court of Texas has noted, there is no clear test to determine whether an interlocutory probate order disposes of all parties or issues "in a particular phase of the proceedings," an issue that presents "inherent difficulties." *Id.* at 578-79; *see also id.* at 578 (noting that adoption of the *Crowson* test was an effort to alleviate confusion or ambiguity in the law under the court's earlier "substantial right" test and to clarify the "complex area" of appellate jurisdiction in probate matters).

The question, then, is whether the probate court's order reimbursing Sterling Jr. for fees and expenses finally resolved all issues in a discrete phase of the guardianship proceeding. We conclude that it did. In Sterling Jr.'s "Request for Reimbursement of Reasonable Attorneys' Fees and Expenses," as supplemented, the only issues raised were Sterling Jr.'s entitlement to reimbursement of the attorney's fees and expenses he (and the attorneys he retained) allegedly incurred on his father's behalf under the power of attorney and his entitlement to fees and expenses incurred during the guardianship proceeding. The probate court's reimbursement order fully addresses and resolves those issues by ordering the management trustee to pay

7

Sterling Jr. and his attorneys their incurred fees and expenses. Because no issues raised in Sterling Jr.'s request remained unresolved, the probate court's reimbursement order concluded a discrete phase of the guardianship proceeding. *See In re Guardianship of Person and Estate of A.M.K.*, No. 04-08-00268-CV, 2009 WL 1028074, at *2 (Tex. App.—San Antonio Apr. 15, 2009, no pet.) (mem. op.) (when no issues raised in a motion for attorney's fees remain unresolved, the order awarding fees "conclude[s] a discrete phase of the guardianship proceedings and therefore is appealable"); *In re Guardianship of Humphrey*, No. 12-06-00222-CV, 2008 WL 2445503, at *3 (Tex. App.—Tyler June 18, 2008, pet. denied) (mem. op.) (order authorizing attorney ad litem fees concluded a discrete phase of the guardianship proceeding).

We hold that the February 20, 2017 order authorizing Sterling Jr.'s reimbursement of fees and expenses is an appealable probate order. We therefore have jurisdiction over the appeal of the order.

## B. Claims Against a Ward's Estate

Both Delores and Deanne argue that the probate court erred in granting Sterling Jr.'s reimbursement request because Sterling Jr. failed to follow the statutory procedures governing claims against a ward's estate, and that the court's resulting order is therefore void because it grants relief that should have been, but was not, presented through the claims process.

Sterling Jr. sought reimbursement of fees and expenses he allegedly incurred prior to the guardianship proceeding as attorney-in-fact on his father's behalf. As indicated above, Sterling Jr.'s request is in substance a claim against Sterling Sr.'s guardianship estate, and claims of liability made against a ward's estate and orders approving or rejecting such claims are subject to specific statutory requirements. Sterling Jr. did not follow the statutory requirements for presenting his claim, nor

8

does our record establish that the guardian of the estate allowed or rejected the claim. *See* Tex. Est. Code §§ 1157.001, 1157.051. Under these facts, the portion of the probate court's February 20, 2017 order authorizing reimbursement for Sterling Jr.'s fees and expenses incurred in the Missouri litigation and Texas litigation is void. *See Clements v. Chajkowski*, 208 S.W.2d 841, 843 (Tex. 1948) (order allowing claim against decedent's estate was void when claim had not been presented to, or rejected by, estate administrator); *Cross v. Old Republic Sur. Co.*, 983 S.W.2d 771, 774 (Tex. App.—San Antonio 1998, pet. denied) ("If a claimant fails to present a liquidated claim to the administrator, any resulting order of payment is void.").

We sustain, in part, Deanne's first issue and Delores's second issue.

## C. Fees and Expenses Incurred in Guardianship Proceeding

According to the evidence attached to Sterling Jr.'s supplemental motion, not all of Sterling Jr.'s requested fees and expenses were incurred outside the guardianship proceeding. Sterling Jr. filed a "Supplemental Motion for Reimbursement of Reasonable Attorneys' Fees and Expenses," seeking attorney's fees and expenses incurred from January 2016 to July 2016, which is during the pendency of the guardianship proceeding. His supplemental motion is somewhat inconsistent because, on the one hand, Sterling Jr. expressly disavowed that he was seeking an "award" of attorney's fees and stated that he sought only "reimbursement" of fees and costs incurred as attorney-in-fact. That is, his supplemental motion purported to seek reimbursement only for fees and expenses that are properly characterized as a claim against Sterling Sr.'s estate. Yet, on the other hand, in support of his supplemental motion, Sterling Jr. attached billing records from one of his attorneys, which appear to document fees and expenses incurred in connection with Sterling Jr.'s participation in the guardianship proceeding. To the extent that some of the fees and expenses awarded in the

9

February 20, 2017 reimbursement order were incurred during the guardianship proceeding and are not properly characterized as claims against the estate, they potentially may be recoverable separate from the claims procedures.

For example, Texas Estates Code section 1155.054 provides that a court may authorize payment of reasonable and necessary attorney's fees to an attorney who represents the person who files, as relevant here, an application to be appointed guardian of the proposed ward. *See* Tex. Est. Code § 1155.054(a); *see also In the Guardianship of Burley*, 499 S.W.3d 196, 199-200 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (trial court permitted to authorize payment of attorney's fees under section 1155.054). Such fees, however, are permitted only when the trial court finds that the applicant "acted in good faith and for just cause in the filing and prosecution of the application." Tex. Est. Code § 1155.054(c).

Appellants argue that the February 20, 2017 order is error because the fees Sterling Jr. allegedly incurred in connection with the guardianship proceeding could not have been based on any provision other than section 1155.054, and the court did not find (or there is no evidence to support an implied finding) that Sterling Jr. "acted in good faith and for just cause" as an applicant. We agree.

Though the record shows that Sterling Jr. filed an application to be appointed Sterling Sr.'s guardian, the probate court here did not make any findings that Sterling Jr. acted in good faith and for just cause in the filing and prosecution of the application. *Id*. Our record contains a request for findings of fact and conclusions of law filed by Delores, but not Deanne. Further, the record is unclear whether Delores's request was timely.

In any event, assuming that neither Delores nor Deanne filed timely requests for findings of fact and conclusions of law, we will imply a "good faith and just cause" finding in support of the order. *See Sixth RMA Partners v. Sibley*, 111 S.W.3d

46, 52 (Tex. 2003). In that instance, and when, as here, a reporter's record is filed, an implied finding is not conclusive and an appellant may challenge it for legal and factual insufficiency. *Id.* Both Delores and Deanne challenge the February 20, 2017 order on no evidence grounds. We have reviewed the relevant reporter's record and agree with appellants that Sterling Jr. presented no evidence that he "acted in good faith and for just cause in the filing and prosecution of the application." Tex. Est. Code § 1155.054(c). Accordingly, we cannot affirm any portion of the February 20, 2017 order under section 1155.054. Sterling Jr. cites no other statutory basis to support the court's order awarding fees and expenses incurred in connection with the guardianship proceeding.

We therefore sustain, in part, Deanne's third issue and Delores's third issue, to the extent the probate court awarded Sterling Jr.'s attorney's fees and expenses under section 1155.054. Accordingly, we reverse that part of the probate court's February 20, 2017 order that authorizes Sterling Jr.'s attorney's fees and expenses incurred during the guardianship proceeding.

## D. Appellants' Remaining Issues

Delores and Deanne challenge the probate court's order in other respects. We address them briefly.

### 1. *Plenary power*

Appellants argue that the probate court's February 20, 2017 reimbursement order is void in its entirety because the court signed it after its plenary power expired over this phase of the proceeding. According to appellants, when the probate court signed its April 1, 2016 order denying Sterling Jr.'s request, that order was final and appealable under *De Ayala* because it disposed of all issues in a discrete phase of the proceedings. Citing the rule of civil procedure governing a court's plenary power

after a final judgment is signed, appellants contend that the probate court's plenary power over the April 1, 2016 order expired thirty days later, and that the probate court had no authority to change its ruling after that date. *See* Tex. R. Civ. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."). Because the April 1, 2016 order was appealable at that time, appellants contend, Sterling Jr. had thirty days to file a notice of appeal.[4] Sterling Jr. did not file a notice of appeal. Rather, he filed a motion for reconsideration of his request for reimbursement and did so on June 16, 2016, beyond thirty days from the order denying relief.[5] The probate court granted Sterling Jr.'s request for reconsideration on August 15, 2016 and signed an order authorizing Sterling Jr.'s reimbursement on February 20, 2017.

We have already concluded that the February 20, 2017 order was appealable under *De Ayala* because it disposed of all issues in a discrete phase of the proceeding. The probate court's earlier April 1, 2016 order disposed of the same issues and was, therefore, also appealable under *De Ayala*. *See A.M.K.*, 2009 WL 1028074, at \*2. But the fact that the April 1, 2016 order—which is otherwise an interlocutory order—is considered final for purposes of appeal does not deprive the probate court of plenary power over the entire proceeding, including the court's prior rulings. *See Moring v. Inspectorate Am. Corp.*, 529 S.W.3d 145, 150 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("The trial court holds continuing authority to reconsider

---

[4] A notice of appeal is due within thirty days of the date the order or judgment is signed, unless, among other exceptions, the appeal is accelerated. Tex. R. App. P. 26.1(b). Appeals from interlocutory orders are accelerated. Tex. R. App. P. 28.1(a). To the extent the April 1, 2016 order was final and appealable under *De Ayala*, we need not, and do not, decide for purposes of this appeal whether the deadline to file a notice of appeal was twenty days as opposed to thirty days.

[5] A motion for new trial or other motion seeking to modify a final order, or a request for findings of fact, will not extend the time to perfect an accelerated appeal. Tex. R. App. P. 28.1(b).

its interlocutory orders while it has plenary power over the case."). Sterling Jr. had the right to timely appeal the April 1, 2016 order under *De Ayala*. He chose not to appeal and instead moved for reconsideration. At the time Sterling Jr. filed his motion for reconsideration it was too late for him to have timely appealed the April 1, 2016 order. Had the probate court denied the motion for reconsideration instead of granting it, Sterling Jr. may have forfeited his chance to appeal the April 1, 2016 order before the rendition of a final judgment in the guardianship proceeding. *See In the Estate of Nunu*, No. 14-17-00495-CV, 2018 WL 3151231, at *6-7 (Tex. App.—Houston [14th Dist.] June 28, 2018, no pet. h.) (mem. op.) (dismissing untimely appeal of probate court's order deemed final for purposes of appeal under *De Ayala*). Sterling Jr.'s decision to forego appeal of the April 1, 2016 order, however, has no bearing on the probate court's continuing jurisdiction over the case or over the April 1, 2016 order. The court still retained plenary power over the guardianship proceeding when it reconsidered its prior order denying Sterling Jr.'s request and signed an order authorizing reimbursement. *Moring*, 529 S.W.3d at 150.[6]

We overrule Deanne's second issue and Delores's fourth issue.

### 2. *Delores's procedural challenges*

Delores raises two additional appellate issues: (1) the probate court erred by refusing Delores's request to prepare findings of fact and conclusions of law; and (2) the probate court abused its discretion by failing to hold an evidentiary hearing on Sterling Jr.'s request for reimbursement. Both issues, if meritorious, would result in remand of the case, which is the remedy granted by part of our disposition of this

---

[6] Once the probate court granted reconsideration and signed the February 20, 2017 order changing the outcome of the issue, the appellate deadlines began from the date of that order as to the aggrieved parties, Delores and Deanne.

appeal. *See Larry F. Smith, Inc. v. The Weber Co.*, 110 S.W.3d 611, 615-16 (Tex. App.—Dallas 2003, pet. denied) (remand for findings of fact and conclusions of law); *In re Guardianship of Laroe*, No. 05-15-01006-CV, 2017 WL 511156, at *17 (Tex. App.—Dallas Feb. 8, 2017, pet. denied) (mem. op.) (indicating that remand is appropriate remedy for failure to hold evidentiary hearing on contested motion in guardianship proceeding).

Accordingly, we do not reach Delores's remaining issues. *See Johnson v. City of Houston*, 203 S.W.3d 7, 14 n.15 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

## Conclusion

For the above reasons, we vacate the portions of the probate court's order reimbursing Sterling Jr.'s fees and expenses claimed to have been incurred in connection with the Missouri litigation and Texas litigation. We reverse the remainder of the order authorizing Sterling Jr.'s fees and expenses incurred during the pendency of the guardianship proceeding. We remand the case to the probate court for further proceedings consistent with this opinion.


/s/    Kevin Jewell
       Justice


Panel consists of Justices Busby, Brown, and Jewell.