

# Fourth Court of Appeals
## San Antonio, Texas

March 26, 2019

No. 04-19-00167-CV

**IN THE GUARDIANSHIP OF HORTENCIA T. VARA, AN INCAPACITATED PERSON**,

From the County Court, Uvalde County, Texas
Trial Court No. 7058-18
Honorable William R. Mitchell, Judge Presiding

# O R D E R

This appeal arises from a guardianship proceeding; therefore, orders entered by the trial court will be considered final and appealable if made appealable by statute or if the order disposes of all parties or issues in a particular phase of the proceedings. *De Ayala v. Mackie*, 193 S.W.3d 575, 579 (Tex. 2006); *In re Guardianship of Macer*, 558 S.W.3d 222, 226 (Tex. App.— Houston [14th Dist.] 2018, no pet.). Appellant's notice of appeal, filed on February 28, 2019, states she intends to appeal from an order signed on June 27, 2018, and an order signed on February 26, 2019.

The order signed on June 27, 2018, is an order appointing an attorney ad litem to represent the interests of the proposed ward. Assuming without deciding the order is immediately appealable as an order that disposes of an issue in a particular phase of the proceedings, the deadline for filing appellant's notice of appeal was July 27, 2018. Because appellant's notice of appeal was filed on February 28, 2019, the notice of appeal appears to be untimely. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) ("[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction.").

Although the clerk's record contains an order on motion for independent medical examination referencing a hearing held on February 25, 2019, the order is not signed by the trial court. Accordingly, it would appear the notice of appeal was prematurely filed, and this court would not have jurisdiction to consider this appeal until the order is signed. Assuming, however, the trial court has signed the order, we question whether the order disposes of all parties or issues in a particular phase of the proceedings or is interlocutory. *See In re Kelm*, No. 01-18-00688-CV, 2018 WL 6053809, at *4 (Tex. App.—Houston [1st Dist.] Nov. 20, 2018, no pet.) (holding mandamus relief available to challenge order compelling medical examination because no adequate appellate remedy exists); *see also De Ayala*, 193 S.W.3d at 579 (noting order that "sets the stage for the resolution of all proceedings" is interlocutory and not appealable).

It is therefore ORDERED that appellant show cause in writing within two weeks from the date this order is signed why this appeal should not be dismissed for lack of jurisdiction. All other appellate deadlines are suspended pending our resolution of the jurisdictional issue.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 26th day of March, 2019.

_____
KEITH E. HOTTLE,
Clerk of Court