

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00167-CV

**IN THE GUARDIANSHIP OF** Hortencia T. **VARA**, an Incapacitated Person

From the County Court, Uvalde County, Texas
Trial Court No. 7058-18
Honorable William R. Mitchell, Judge Presiding

PER CURIAM

Sitting:       Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed: May 1, 2019

DISMISSED FOR LACK OF JURISDICTION

This appeal arises from a guardianship proceeding; therefore, orders entered by the trial court will be considered final and appealable if made appealable by statute or if the order disposes of all parties or issues in a particular phase of the proceedings. *De Ayala v. Mackie*, 193 S.W.3d 575, 579 (Tex. 2006); *In re Guardianship of Macer*, 558 S.W.3d 222, 226 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Appellant's notice of appeal, filed on February 28, 2019, states she intends to appeal from an order signed on June 27, 2018, and an order signed on February 26, 2019. By order dated March 26, 2019, we ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction.

With regard to the order signed on June 27, 2018, we noted the order appoints an attorney ad litem to represent the interests of the proposed ward. Assuming without deciding the order is

immediately appealable as an order that disposes of an issue in a particular phase of the proceedings, we noted the deadline for filing appellant's notice of appeal was July 27, 2018. Because appellant's notice of appeal was filed on February 28, 2019, the notice of appeal appeared to be untimely. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) ("[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction.").

With regard to the reference in the notice of appeal to an order signed on February 25, 2019, we noted the order contained in the clerk's record relating to a motion for independent medical examination is not signed by the trial court. Accordingly, it appeared the notice of appeal was prematurely filed as to that order. Even assuming the trial court had subsequently signed the order, we questioned whether the order disposed of all parties or issues in a particular phase of the proceedings or is interlocutory. *See In re Kelm*, No. 01-18-00688-CV, 2018 WL 6053809, at *4 (Tex. App.—Houston [1st Dist.] Nov. 20, 2018, no pet.) (holding mandamus relief available to challenge order compelling medical examination because no adequate appellate remedy exists); *see also De Ayala*, 193 S.W.3d at 579 (noting order that "sets the stage for the resolution of all proceedings" is interlocutory and not appealable).

Appellant did not respond to this court's order. Based on the documents contained in the clerk's record, we lack jurisdiction to consider this appeal. Accordingly, the appeal is dismissed for lack of jurisdiction. Costs of the appeal are taxed against appellant.

PER CURIAM