

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00189-CV

_____

ESTATE OF JO ANN MARY ELLEN MERCK MEYERS, DECEASED

On Appeal from the Probate Court No. 2
Denton County, Texas
Trial Court No. PR-2023-01194-B

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

This appeal arises from a judgment entered in a probate case. Appellants Keelye Joellen Ringley and Connor Lachlan Ringley,[1] acting pro se, assert that the judgment is void because it was signed after the probate court's plenary power had purportedly expired. Because we conclude that Appellants' challenge is based on a faulty premise, we affirm the probate court's judgment.

## I. BACKGROUND

Jo Ann Mary Ellen Merck Meyers, Keelye's mother, died in May 2023. At the time of her death, Meyers's assets included a house located at 9608 Ironwood Drive, Frisco, Texas, and a 2011 Toyota Highlander.

On August 29, 2023, Keelye filed in the Denton County deed records an affidavit of heirship in which she averred—incorrectly—that Meyers had died intestate and that she was Meyers's sole heir. She also filed an affidavit of heirship for motor vehicles with the Texas Department of Transportation so that she could obtain a title certificate in her name for the Toyota Highlander.

That same day, Appellee Donna M. Barry, whom Meyers's will named as the independent executor of her estate, filed an Application for Probate of Will and Issuance of Letters Testamentary in the probate court. Appellants both contested the

---

[1]Because Appellants share the same surname, we will use their first names to refer to them individually and will refer to them collectively as "Appellants." *See Beard v. Beard*, No. 12-21-00217-CV, 2022 WL 3012442, at *1 n.1 (Tex. App.—Tyler July 29, 2022, no pet.) (mem. op.).

probation of the will, which directed that the bulk of Meyers's estate be divided equally among five charitable organizations. The trial court referred Barry, Appellants, and the five charities named as residual beneficiaries under Meyers's will to mediation to resolve the will contest.

The mediation was successful, and the parties entered into a Mediation Settlement Agreement (MSA). In pertinent part, the MSA provided that Appellants agreed to the will's being admitted to probate and to Barry's serving as the independent executor; the specific bequest to Keelye in the will would be increased from $10,000 to $35,000; Appellants agreed that they had "no other right, title, or interest in any assets of [Meyers's] [e]state"; and "[t]he remaining assets of the [e]state [would] pass in accordance with the [w]ill."

On April 29, 2024, the trial court signed an Agreed Order Granting Joint Application to Approve Mediation Settlement Agreement (the MSA Order). Contemporaneously with the MSA Order, the trial court signed an order admitting Meyers's will to probate, naming Barry as the estate's independent executor, and authorizing letters testamentary.

Notwithstanding her agreement in the MSA that she had "no . . . right, title, or interest in any assets of [Meyers's] [e]state" other than the agreed upon $35,000 specific bequest, Keelye claimed that she owned the Ironwood property and the Toyota Highlander by virtue of the affidavits of heirship that she had filed. Based

on her misguided belief that she owned these assets,[2] Keelye repeatedly interfered with Barry's efforts to sell the Ironwood property and took possession of the Toyota Highlander.

Because of Keelye's continued interference with her efforts to administer Meyers's estate, Barry filed an application for injunctive relief and a petition for declaratory relief to quiet title to the Ironwood property and the Toyota Highlander. After previously having granted Barry a temporary restraining order (TRO) preventing Keelye from, among other things, entering upon or coming within 1,000 feet of the Ironwood property or impeding Barry's efforts to market and sell the Ironwood property, the probate court held a bench trial in January 2025 on Barry's petition for declaratory relief as well as Keelye's various challenges to the TRO and the myriad of claims that she had asserted against the estate. In March 2025, the probate court

---

[2]Although affidavits of heirship are commonly used as title-curative instruments in Texas, such an affidavit does not in and of itself effectuate a title transfer or conclusively establish matters of heirship or title. *See* Nowlin, 11 Texas Practice: Texas Methods of Practice §§ 7:4, 7:5 (2025 ed.); *see also* Tex. Est. Code Ann. § 203.001(a), (b); *cf. In re Est. of Allen*, 407 S.W.3d 335, 341–42 (Tex. App.—Eastland 2013, no pet.) (affirming the trial court's finding that the surviving wife of a testator was not in default for failing to present will to probate as muniment of title within four-year statute of limitations where wife testified, inter alia, that she had mistakenly believed that an affidavit of heirship that she had filed had transferred all property to her in the same manner as a will). Rather, an affidavit of heirship is merely prima facie evidence of the facts averred therein and may be rebutted in a proceeding to declare heirship or in a suit involving title to property. *See* Tex. Est. Code Ann. § 203.001(a). Because Meyers died leaving a lawful will, all property devised by the will—including the Ironwood property and the Toyota Highlander—vested in the devisees immediately upon her death. *See id.* § 101.001(a)(1).

4

signed a judgment quieting title to the Ironwood property and the Toyota Highlander in the estate's favor, dissolving the TRO, and ordering that Keelye take nothing on her claims.

This appeal followed.

## II. DISCUSSION

In what amounts to a single issue,[3] Appellants contend that the probate court's March 2025 judgment is void because it was signed after the probate court's plenary power had expired. We disagree.

Appellants' argument is based on their mistaken belief that the MSA Order triggered the thirty-day expiration of plenary power under Texas Rule of Civil Procedure 329b. *See* Tex. R. Civ. P. 329b(d), (f). But as this court has previously explained, probate proceedings are an exception to the "one final judgment rule" and may give rise to multiple appealable orders. *In re Est. of Heffner*, No. 02-21-00419-CV, 2023 WL 3876760, at *5 (Tex. App.—Fort Worth June 8, 2023, pet. denied) (mem.

---

[3]In their brief, Appellants enumerate four appellate issues and a plethora of subissues. But the thrust of the arguments raised in these various issues is that the trial court's plenary power terminated thirty days after the MSA Order was entered and that, therefore, all "findings, rulings, orders[,] and judgments" issued by the probate court after that date—including the March 2025 judgment—are "VOID and of no legal effect." Accordingly, we will treat Appellants' issues as a single complaint. *See Espey v. Crown Mins. Co.*, No. 09-93-053-CV, 1994 WL 503969, at *3 (Tex. App.—Beaumont Sept. 15, 1994, writ dism'd by agr.) (not designated for publication) (treating separate points of error as a single complaint); *McKinney v. Meador*, 695 S.W.2d 812, 813 (Tex. App.—Tyler 1985, writ ref'd n.r.e.) (combining all of appellant's points addressing separate elements of prejudgment interest claim and treating them as one challenge to the propriety of awarding prejudgment interest).

op.) (citing *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021)). Thus, a probate court's interlocutory order concluding a discrete phase of the proceeding may be sufficiently final to permit appellate review, but the signing of such an order does not deprive the probate court of plenary power. *Id.* (citing *Est. of Harris*, No. 02-19-00333-CV, 2021 WL 832721 at *5 (Tex. App.—Fort Worth March 4, 2021, pet. denied)); *see also Trevino v. Reese*, No. 01-10-00717-CV, 2011 WL 2436523, at *3 (Tex. App.—Houston [1st Dist.] June 16, 2011, no pet.) (mem. op.) (holding that order releasing attorney ad litem and requiring appellant to pay ad litem fees "concluded a discrete phase of the proceedings" and was therefore appealable). Even after signing an appealable interlocutory order concluding a discrete phase of the case, the probate court retains authority over the probate proceeding. *Est. of Harris*, 2021 WL 832721, at *5 (citing *In re Guardianship of Macer*, 558 S.W.3d 222, 230–31 (Tex. App.—Houston [14th Dist.] 2018, no pet.)).

Here, the MSA Order approved the MSA, which resolved the dispute regarding the will's being admitted to probate. But even if we were to assume that the MSA Order concluded a discrete phase of the case, the probate court nevertheless retained authority over the probate proceeding, including the authority to enter orders and judgments. *See Heffner*, 2023 WL 3876760, at *5; *Est. of Harris*, 2021 WL 832721 at *5. Because the MSA Order did not trigger the expiration of the probate court's plenary power and the probate court therefore retained authority over the probate proceeding, the March 2025 judgment is not void.

6

We overrule Appellants' sole issue.

### III. CONCLUSION

Having overruled Appellants' sole issue, we affirm the probate court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: December 23, 2025